GUST L. JOHNSON, APPELLANT, V. FIRST TRUST COMPANY, APPELLEE.

FILED JUNE 9, 1933. No. 28346.

*Patrick & Smith* and *O'Sullivan & Southard,* for appellant.

*Finlayson, Burke & McKie, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MEYER, District Judge.

GOSS, C. J.

Plaintiff sued for damages for alleged breach of an oral contract. At the end of plaintiff's testimony he rested his case and defendant moved for a directed verdict on the ground that the oral promise was within the statute of frauds. The court sustained the motion and entered judgment dismissing the cause. Plaintiff appealed.

The evidence shows that about May 17, 1923, plaintiff purchased from defendant four bonds or promissory notes for $1,000 each, belonging to a series of bonds or notes, aggregating $75,000, made payable to First Trust Company of Omaha, and secured by a first mortgage on real property in Dixon county. They were not due until May 1, 1933, but bore 5½ per cent. interest, payable semi-annually, evidenced by coupons attached. When they were offered plaintiff by the vice-president of the trust company, plaintiff expressed objection on the ground that they were for too long a period. As an inducement to the purchase, the trust company through this officer entered into an oral agreement with plaintiff that at any time the plaintiff was in need of money the trust company would repurchase them. Plaintiff fairly showed, for the purpose of supporting a judgment in his favor, that the condition of the oral agreement was met; that is, that he needed the money. The four bonds were indorsed without recourse in the name of the trust company by its vice-president, and delivered to plaintiff. In the spring of 1924 the plaintiff turned over to defendant one of the bonds as part payment on another bond purchased by him from defendant. About the first of June, 1931, plaintiff negotiated unsuccessfully with defendant to get it to repurchase his remaining three bonds. On June 10, 1931, he made a formal written tender and demand which was refused. On June 11, 1931, this action was commenced.

So much of section 36-202, Comp. St. 1929, as is applicable, says: "In the following cases every agreement shall be void, unless such agreement, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged therewith: First. Every agreement that, by its terms, is not to be performed within one year from the making thereof; Second. Every special promise to answer for the debt, default or misdoings of another person."

Appellee argues that, as the note and the indorsement thereof form a written instrument indicating its freedom

from liability, therefore appellant is seeking to vary or contradict the terms of a written instrument by oral evidence. Appellant mistakes the object of the suit. The action is not upon the instrument, but for damages for appellee's breach of an oral contract to repurchase an instrument (perfectly good so far as the record shows, but not due) upon a condition which is shown by the evidence to have arisen. The effect of the qualified indorsement "without recourse" was two-fold: First, to relieve the appellee from liability to pay the debt of the maker; and, second, to assign the note to the appellant, with its negotiable character unimpaired. Comp. St. 1929, sec. 62-309. This is not a suit to compel appellee to pay the debt of another, but to pay its own obligation arising out of its oral agreement to repurchase the notes and to repay the appellant the money he had paid the appellee for them. Liability cannot be predicated upon the note, but arises, if at all, upon the appellee's own promise orally made. It is an original contract. *Trenholm v. Kloepper*, 88 Neb. 236; *Griffin v. Bankers Realty Investment Co.*, 105 Neb. 419.

The facts are fixed as we have stated them. The appellee admitted them when he moved for judgment. The only question of law is whether the admitted oral agreement is void because it comes within the definition of the statute as one "not to be performed within one year from the making thereof." The statute is general and does not specify any particular subject-matter of oral agreements.

An oral contract for leasing lands, depending upon a contingency which may occur within a year, though in fact it does not happen until later, is not void under the statute of frauds. *McCormick v. Drummett*, 9 Neb. 384. An oral contract by which a landlord agrees to give a tenant the use of the land and to pay the tenant the actual cost of a building and baking oven erected by the tenant, at any time the landlord desired possession, held not a defense to a forcible entry and detainer action, but not

void under the statute of frauds, for the reason the contract might have required performance within one year. *Connolly v. Giddings,* 24 Neb. 131. To be void, the contract must be one that shows by its terms it was not to be completed within the year. *Kiene v. Shaeffing,* 33 Neb. 21. To be void, the contract "must be one that, by its terms, is not to be performed within one year from the making thereof. The statute does not refer to such contracts as may possibly or probably not be performed within that time." *Powder River Live Stock Co. v. Lamb,* 38 Neb. 339. "A contract not to be performed within one year, as meant by the statute of frauds, is one which by its terms cannot be performed within one year. A contract is not within the statute merely because it may or probably will not be performed within a year." *Carter White Lead Co. v. Kinlin,* 47 Neb. 409; *Grotte v. Rachman,* 114 Neb. 284.

In *Griffin v. Bankers Realty Investment Co.,* 105 Neb. 419 (quoting *Hankwitz v. Barrett,* 143 Wis. 639) it was said: "The sale and delivery of stock and payment of the price, under a contract whereby the seller agreed to repurchase at the buyer's option, constituted an entire transaction which was sufficiently performed to take it out of the statute of frauds, relating to contracts for sale of goods, though the agreement to repurchase was oral." We applied the same rule to sales of stock in *Stratbucker v. Bankers Realty Investment Co.,* 107 Neb. 194, and in *Grotte v. Rachman,* 114 Neb. 284.

We conclude that the district court erred in sustaining the motion and in entering judgment for defendant. The judgment is reversed and the cause remanded.

REVERSED.