GUST L. JOHNSON, APPELLEE, v. FIRST TRUST COMPANY, APPELLANT.

FILED JANUARY 2, 1936. No. 29503.

*Finlayson, Burke & McKie,* for appellant.

*Patrick & Smith* and *O'Sullivan & Southard, contra.*

Heard before GOSS, C. J., ROSE and CARTER, JJ., and REDICK and KROGER, District Judges.

GOSS, C. J.

This is the second appearance of this case. *Johnson v. First Trust Co.,* 125 Neb. 26, 248 N. W. 815. There we reversed the judgment for defendant entered upon motion at the close of plaintiff's evidence. We held that "An oral agreement, to be void under the first subdivision of section 36-202, Comp. St. 1929, must indicate by its terms that it is not to be performed within one year from the making thereof."

The case was retried in the district court and submitted to a jury to determine whether, when defendant sold the bonds in suit to plaintiff, there was an oral agreement, not prohibited by the above cited statute of frauds, requiring defendant to repurchase the bonds at the time demanded. Defendant had moved for a directed verdict. The jury found for plaintiff and defendant appealed from the judgment rendered on the verdict.

The evidence was in conflict. This made it a question for the jury, which they decided in favor of plaintiff. It is fundamental that it is erroneous to direct a verdict for either party where the evidence on a material issue is conflicting. A former officer of defendant, who sold the bonds to plaintiff, testified that he told plaintiff he thought there would be no trouble in selling the bonds and that, if plaintiff

wanted some of the money before ten years, defendant would try to sell them for him. Plaintiff was not an artful witness. Portions of his testimony may be selected from which a jury might infer that he would have been satisfied with five-year bonds or with the ten-year bonds purchased by him if they would be cashed by defendant within five years, but, on the other hand, there is ample testimony by him that, when he took the ten-year bonds, he was promised by the officer through whom he bought them that at any time he wanted the money the trust company would repurchase the bonds. The jury, as triers of fact, might have found differently from the evidence. It was, under the well-settled rule, peculiarly a question for the jury. Their decision is binding upon us.

The judgment of the district court is

AFFIRMED.