JEROME J. MONTGOMERY, APPELLEE, V. QUANTUM LABS, INC., APPELLANT.

251 N. W. 2d 892

Filed March 30, 1977. No. 40949.

James B. Thomas of Gross, Welch, Vinardi, Kauffman & Day, for appellant.

Louis M. Leahy of Leahy, Washburn, Render & Cavanaugh, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

Plaintiff Jerome J. Montgomery brought suit in the District Court against the defendant Quantum Labs, Inc., for an alleged breach of a contract of employment. The plaintiff alleged in his petition that on or about September 1, 1972, the plaintiff and the defendant entered into a written agreement whereby plaintiff would be employed by defendant, to be compensated at the rate of 5 percent of the gross sales during the first year of the defendant's operation. The business was to commence on or about December 1, 1972, and the contract to continue until December 1, 1973. The plaintiff alleged that the contract was reduced to writing and signed by the parties, that the plaintiff did not receive a copy of the agreement, and that on or about April 1, 1973, plaintiff was discharged. The plaintiff sues for the 5 percent of the gross sales business of the defendant during the period from December 1, 1972, to Decem-

ber 1, 1973. The parties stipulated at trial that the gross business sales of Quantum was $91,716.48 for the period December 1, 1972, to December 1, 1973. In its answer Quantum admitted that Montgomery was an employee of Quantum from September 1972 to April 1973. The defendant denied that there was any written contract, but agreed the compensation was to be 5 percent of the gross sales business of the defendant during the time of employment. The defendant then denied the remaining allegations in the plaintiff's petition. Later defendant offered to confess judgment in the amount of $220.18, the amount of 5 percent of the gross sales of Quantum during the period December 1, 1972, to April 1, 1973, less amounts already paid to the plaintiff.

At the trial the plaintiff testified that a writing was presented to him by one of the defendant's officers. Whether the defendant, Quantum Labs, Inc., was actually formed at that time is not shown in the record. The plaintiff testified that he signed the original and the copy of the agreement, returned the documents to Quantum's officer, and entered into employment. Until December 1, 1972, plaintiff was engaged in locating a laboratory site for Quantum by cleaning and preparing the site for occupation. On December 1, 1972, plaintiff commenced soliciting business from physicians and businesses for Quantum. The case was tried to a jury which returned a verdict for the plaintiff in the amount of $4,195.34. Quantum appeals.

Quantum's principal assignment of error relates to the instructions of the trial court. It is Quantum's argument that there was not sufficient evidence to submit the case to a jury on the theory of a written contract since the plaintiff was unable to produce such a contract and the defendant denied the existence of any such contract. Section 27-1004, R. R. S. 1943, states, in part: ''The original is not required, and other evidence of the contents of a writing, * * *

is admissible if: * * * (3) At a time when an original was under the control of the party against whom offered, he was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and he does not produce the original at the hearing * * *.'' In section 27-1008, R. R. S. 1943, it is provided: ''* * * when an issue is raised (1) whether the asserted writing ever existed, or * * * (3) whether other evidence of contents correctly reflects the contents, the issue is for the trier of fact to determine as in the case of other issues of fact.'' The plaintiff testified as to the existence of a signed agreement, its return to Quantum, and his performance according to the terms of the agreement. We believe that this was sufficient to submit to the jury the issue of whether in fact there was ever a written agreement.

Quantum next argues that the trial court was in error in submitting to the jury an issue not disclosed by the pleadings, to wit, whether the agreement was in fact oral. An instruction conference was held at which time the defendant objected to any instruction which purported to submit to the jury the question of whether there was an oral agreement and to any instructions which would allow the plaintiff to recover on the basis of an oral agreement. Quantum contends that the theory of the plaintiff's cause of action was based on a written contract. Since the plaintiff did not plead an oral contract, the defendant was thereby not allowed to raise in its defense section 36-202, R. R. S. 1943; the Statute of Frauds, i. e., whether the oral contract would be a contract not capable of being performed within a year and therefore unenforceable. The threshold question is then whether or not the contract between Montgomery and Quantum, if oral, was a contract which could be performed within the period of 1 year and thus be exempt from the Statute of Frauds. The contract, according to Montgomery's testimony, was signed

by him in the latter part of August or early September 1972, and called for his immediate employment for a period from September 1, 1972, to December 1, 1973, a total of 15 months. The contract is for a period in excess of 1 year. It is subject to the terms of the act and unenforceable if it is an oral contract. Restatement, Contracts 2d, Tent. Dr. No. 4, section 198, which is unchanged from the original section 198 of Restatement, is as follows: "(1) Where any promise in a contract cannot be fully performed *within a year from the time the contract is made,* all promises in the contract are within the Statute of Frauds until one party to the contract completes his performance.

"(2) When one party to a contract has completed his performance, the one-year provision of the Statute does not prevent enforcement of the promises of the other parties." (Emphasis supplied.) Montgomery claims that his contract was substantially performed and cites Taylor v. American Radiator Co., 93 Neb. 24, 139 N. W. 685 (1913), where the plaintiff Taylor contracted orally to work for 3 years for the defendant and was discharged. The court allowed evidence of the oral contract holding it not to be within the proscriptions of the Statute of Frauds, now section 36-202, R. R. S. 1943, and cited the proposition that: "An oral contract for personal services which have been performed for almost the full time of the period for which they were engaged cannot be successfully questioned after they have been performed, because alleged to be within the statute of frauds." In that case Taylor had worked as a salesman under the contract for the 3-year period lacking only 10 days.

In the current case, the plaintiff worked for the defendant for approximately 8 of 15 possible months. The plaintiff sued on a written contract. He was entitled to have the jury instructed on his theory of the case but not on a theory that was not raised by

the pleadings. See, Newkirk v. Kovanda, 184 Neb. 127, 165 N. W. 2d 576 (1969); Mapledge Corp. v. Coker, 167 Neb. 420, 93 N. W. 2d 369 (1958). It is unlikely that the partial performance by the defendant was substantial enough within the meaning of Taylor v. American Radiator Co., *supra,* to prevent the defense of the Statute of Frauds. That issue need not be decided at this time because it is clear that, under the pleadings of the plaintiff, it was error for the court to instruct on a theory of an oral contract over the objection of the defendant without having afforded the defendant the opportunity to plead or present evidence that the oral agreement was unenforceable under the terms of section 36-202, R. R. S. 1943.

REVERSED AND REMANDED FOR A NEW TRIAL.