SIMON J. ALBRACHT, APPELLEE, V. PRUDENTIAL INSURANCE COMPANY OF AMERICA, A CORPORATION, APPELLEE, IMPLEADED WITH MAX L. POFAHL, ADMINISTRATOR OF THE ESTATE OF MARY J. NEUDECK, DECEASED, APPELLANT, IMPLEADED WITH JAMES L. SANDERSON, ADMINISTRATOR OF THE ESTATE OF SUSAN A. SANDERSON, DECEASED, ET AL., APPELLEES.

267 N. W. 2d 511

Filed June 28, 1978. No. 41488.

Hutton & Garden, for appellant.

Terry Anderson of Lathrop & Albracht, for appellee Albracht.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

The plaintiff brought this action against the defendant insurance company to recover proceeds due under a life insurance policy which had been delivered and orally assigned to the plaintiff by the named beneficiary. The defendant insurance company paid the proceeds of the insurance policy into court and interpleaded the administrator of the estate of the named beneficiary, who was substituted as a defendant. The District Court determined that plaintiff had an equitable lien on the proceeds of the insurance policy in the sum of $8,492.97, plus accrued interest, and that the defendant administrator was entitled to the remainder of the policy proceeds over and above the amount of plaintiff's lien. The defendant administrator has appealed.

The facts in this case are undisputed. On March 19, 1968, Larry L. Neudeck obtained a life insurance policy from Prudential Insurance Company in the face amount of $11,020. The named beneficiary was Mary J. Neudeck, his wife. On July 6, 1973, Larry L. Neudeck died from gunshot wounds. An information charging Mary J. Neudeck with the murder of her husband was filed on July 11, 1973, and she was bound over for trial after preliminary hearing. The plaintiff was retained by Mary J. Neudeck to represent her in the criminal trial. Both the plaintiff and the defendant administrator testified that it was agreed between the plaintiff and Mary J. Neudeck that the plaintiff would receive a fee of $7,500, plus expenses, if the murder case went to trial, and Mary J. Neudeck delivered the insurance policy to the plaintiff. It was their agreement that the plaintiff would be entitled to the proceeds of the policy to the

extent of plaintiff's fee, with the balance to be paid to Mary J. Neudeck. The agreement was made and the policy delivered to plaintiff on or about July 14, 1973.

After Mary J. Neudeck filed a proof of death statement with the defendant insurance company, plaintiff delivered the policy to the company. The company admitted liability but declined to pay the proceeds until the outcome of the criminal proceedings determined who was entitled to them.

On March 14, 1974, Mary J. Neudeck was acquitted following a jury trial. On March 27, 1974, Mary J. Neudeck was killed in an automobile accident. On April 3, 1974, Prudential issued its check for the proceeds due payable jointly to Mary J. Neudeck and plaintiff's law firm, without knowledge of Mary J. Neudeck's death. The check was returned by plaintiff. The defendant, Max Pofahl, was thereafter appointed administrator of Mary J. Neudeck's estate.

This action was instituted by plaintiff against Prudential Insurance Company to recover the proceeds of the insurance policy. Prudential paid the proceeds of $13,563.36 into court and interpleaded the defendant administrator and others. Prudential was dismissed and discharged from liability and the administrator substituted as a defendant.

The making of the oral assignment, the delivery of the policy to the plaintiff, and the performance of the professional services by plaintiff in accordance with the agreement are not disputed. The sole issue in this case is whether the oral assignment was ineffective under the provisions of section 44-371, R. R. S. 1943. The District Court determined that the plaintiff had an equitable lien on the proceeds of the insurance policy in the sum of $8,492.97, plus interest, and that the defendant administrator of the estate of Mary J. Neudeck, deceased, was entitled to the remainder of the policy proceeds over and above that amount. The defendant administrator has appealed.

Section 44-371, R. R. S. 1943, provides in relevant part: "All money, * * * and every benefit accruing * * * under any policy * * * of life insurance payable to a beneficiary other than the estate of the insured, * * * shall be exempt from attachment, garnishment, or other legal or equitable process, and from all claims of creditors of the insured, and of the beneficiary if related to the insured by blood or marriage, in the absence of a written agreement or assignment to the contrary."

The statute itself constitutes the sole citation of agreement and assignment here were not in writing, any claim or lien based upon the oral agreement or assignment is wholly void and unenforceable. We disagree.

The statute itself constitutes the sole citation of authority upon which defendant relies. It should be noted that the statute is not a true exemption statute, but is an application of the statute of frauds.

Whatever may have been the policy or intent of the Legislature, the specific language of the statute extends the protection and benefits of the statute as to creditors' claims in cases such as this only to persons related to the insured or the beneficiary by blood or marriage. In the case now before us the record establishes that the only persons who would benefit here if the statute is held to be applicable and plaintiff's claim is denied are not related by blood or marriage to either the insured or the beneficiary but, instead, are judgment or other creditors of the estate of the beneficiary, Mary J. Neudeck. The statute is not applicable under such circumstances.

This court has consistently followed the general rule that equity will not allow the statute of frauds to be used as an instrument of fraud. See, Farmland Service Coop, Inc. v. Klein, 196 Neb. 538, 244 N. W. 2d 86; Hecht v. Marsh, 105 Neb. 502, 181 N. W. 135. In the latter case we approved the rule that equity

will not allow the statute of frauds to be used as an instrument of fraud, and will decree specific performance or hold the maker of a parol contract estopped from denying it when the other party, by virtue of it, and under and in pursuance of it, has so far acted that it would be aiding in a fraud to permit the contract to be repudiated.

This court has also consistently followed the general rule that the statute of frauds does not apply to a contract which has been fully performed by one party. See, Ridenour v. Kuker, 185 Neb. 321, 175 N. W. 2d 287; Montgomery v. Quantum Labs, Inc., 198 Neb. 160, 251 N. W. 2d 892.

In Dvorak v. Kucera, 130 Neb. 341, 264 N. W. 737, this court awarded the proceeds of a life insurance policy to a wife who had possession of the policy which named the husband's estate as beneficiary, and recognized the general rule that a policy of insurance may be given as security for a debt without a formal assignment. This court held that an oral assignment or pledge of a life insurance policy as security for a debt of the assured is valid between the parties, notwithstanding a provision in the policy that no assignment shall be valid unless in writing and filed with the insurer. We also held that the delivery of a life insurance policy to secure a debt of the assured, whether assigned or not, constitutes a pledge entitling the pledgee to an equitable lien upon the proceeds.

Brown v. Ehlers, 130 Neb. 918, 267 N. W. 156, involved the oral assignment of insurance policies which named no beneficiary. This court held that the oral assignment, accompanied by delivery of the policies, was sufficient to give the plaintiff an equitable interest in the proceeds. In doing so, the court cited Dvorak v. Kucera, *supra*, and prior cases holding that partial performance of a contract takes it out of the statute of frauds, and that an insurance policy may be validly assigned by transfer.

Where section 44-371, R. R. S. 1943, is not applicable, the cases confirm the proposition that an oral assignment or pledge of a life insurance policy by the named beneficiary, after the death of the insured, to secure a debt or obligation of the beneficiary, accompanied by delivery of the policy, constitutes a pledge entitling the pledgee to an equitable lien upon the proceeds of the policy. In the case now before us the evidence of both parties establishes that plaintiff agreed to perform professional services for Mary J. Neudeck for an agreed fee, and that Mary J. Neudeck orally assigned and also delivered the policy of insurance as security for payment of that fee. Plaintiff was to be entitled to the proceeds of the policy to the extent of his fee and the balance was to be paid to Mary J. Neudeck. The evidence also establishes that the agreement was fully performed by the plaintiff. Under these circumstances this case falls outside the ambit of section 44-371, R. R. S. 1943, and the trial court was correct in determining that the plaintiff had an equitable lien on the proceeds of the insurance policy for the agreed value of his services.

In view of the disposition made, it is unnecessary to consider the additional grounds alternatively urged by the plaintiff.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.

CLINTON, J., concurring in the result.

I concur in the result although I do not agree with the rationale of the opinion. I believe that section 44-371, R. R. S. 1943, is a true exemption statute and not merely a statute of frauds. It is my opinion that section 44-371, R. R. S. 1943, is not applicable for the reason the record establishes that the real contest in this case is between two different sets of creditors of the beneficiary of the policy, i. e., the plaintiff, who, for value given, took an oral assignment and physi-

cal delivery of the policy, and between creditors of the beneficiary's estate to whom there may be some liability on account of a subsequent tort of the beneficiary occurring after the assignment to the plaintiff. In these circumstances I believe that, as between the two sets of creditors, the oral assignment is valid and section 44-371, R. R. S. 1943, has no applicability. If the ultimate beneficiaries of the estate were the decedent's heirs or legatees, I would hold that the statute is applicable.

SPENCER, J., joins in this concurrence.