## DeCosta Sporting Goods, Inc., appellee, v. Maryjohn Kirkland and John C. Kirkland, appellants.

316 N.W.2d 772

Filed March 12, 1982.   No. 81-625.

Roger R. Holthaus and James L. Rold for appellants.

William M. Homan & Associates for appellee.

Submitted without oral argument. Krivosha, C.J., Boslaugh, McCown, Clinton, White, Hastings, and Caporale, JJ.

PER CURIAM.

The plaintiff, DeCosta Sporting Goods, Inc., filed an action in the municipal court of Omaha seeking a money judgment against the defendants Kirkland, John C. and his daughter Maryjohn. Without filing an answer, the defendants Kirkland filed a motion for summary judgment which raised the issue of former litigation between John C. Kirkland and DeCosta as a bar to this action. The municipal court sustained the motion and entered summary judgment dismissing DeCosta's petition. On appeal to the District Court, the judgment was reversed and the cause ordered remanded to the municipal court "for trial or further appropriate proceedings." We reverse.

"A party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in his favor . . . ." Neb. Rev. Stat. § 25-1331 (Reissue 1979). "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Neb. Rev. Stat. § 25-1332 (Reissue 1979). In order to receive consideration on appeal, any affidavits used on a motion for summary judgment must have been offered in evidence in the trial court and preserved in and made a part of the bill of exceptions. *Peterson v. George*, 168 Neb. 571, 96 N.W.2d 627 (1959).

Included within the transcript is an affidavit of John C. Kirkland and a copy of a petition verified by the president of DeCosta which formed the basis for a separate, although related, proceeding in the District Court. However, neither of these items was received in evidence in the municipal court, they do not form a part of the bill of exceptions, and under the rule cited above may not be considered on appeal. Therefore, in order to determine this appeal, we are limited to the pleadings filed in the present case, as well as a copy

of the petition and judgment from the municipal court of Omaha, small claims docket SC 80, No. 1774, which were received in evidence and are found in the bill of exceptions.

DeCosta's petition alleges in substance that on or about September 12, 1978, the defendant Maryjohn Kirkland, a student and the daughter of the defendant John C. Kirkland, specially ordered some sporting goods from DeCosta; that she paid for the goods with her father's credit card, and she represented to DeCosta that she had his authority to use such card; that such action on her part was later ratified by John C. Kirkland; that the goods were returned by the Kirklands to DeCosta without authority from DeCosta; that thereafter the Kirklands filed suit against DeCosta in an action found at small claims docket SC 80, No. 1774, claiming damages of $464.59, and that judgment was entered in that amount; that garnishment proceedings were commenced; and that DeCosta will be damaged in that same amount when it is forced to pay the judgment. The petition prayed for damages against the Kirklands for $464.59, together with loss of time, attorney fees, and general damages, totaling in all the sum of $1,323.59.

John C. Kirkland's petition filed in small claims docket SC 80, No. 1774, alleged in substance that DeCosta sold to Kirkland's daughter certain goods which DeCosta knew were not authorized for use in schools which were members of the Metro Association; that the daughter used John C. Kirkland's credit card, which she was not authorized to use; that she returned the goods to DeCosta for a refund of $464.59, which was not granted; and Kirkland prayed for judgment in that amount. A judgment in the amount of $464.59 was entered against DeCosta, and there is no showing or allegation that an appeal from that judgment was ever perfected. Whether DeCosta appeared at the trial, or the judgment was by default, is of no concern in a decision on this case.

The motion for summary judgment alleges that

"each allegation made in said Petition has been previously litigated and determined adversely to Plaintiff and in defendant Kirkland's favor. AND FURTHER that said former judgments bar said Petitioner's claims against the then minor child Maryjohn Kirkland, by reason of Nebraska Law . . . and that Defendants . . . are entitled to judgment as a matter of law."

Although given the opportunity to do so, the plaintiff DeCosta declined to offer any evidence to resist the motion for summary judgment.

The pleadings in both cases leave something to be desired and the record is deficient as previously noted. However, from that part of the record which we have set forth, we believe that there is no genuine issue as to the following facts: John C. Kirkland's daughter Maryjohn purchased certain merchandise from DeCosta which was returned and a refund denied; that as a result thereof, judgment was entered in favor of John C. Kirkland and against DeCosta in the amount of $464.59 from which no appeal was taken; that DeCosta has now filed suit against John C. and Maryjohn Kirkland, alleging that Maryjohn purchased certain merchandise from DeCosta which was returned by the Kirklands to DeCosta; that the Kirklands filed a lawsuit, as described above, and obtained a judgment against DeCosta in the amount of $464.59; and that because it will have to pay that judgment to the defendant John C. Kirkland, DeCosta claims it will be damaged and seeks a judgment against that same party and one in privity with him. We believe that all of the issues raised by DeCosta in the present litigation have been decided adversely to it on the former trial.

Although not appearing in the bill of exceptions, DeCosta alleges in its brief, or it is disclosed by the transcript, that Kirkland has been subjected to two other lawsuits over this transaction, one brought by VISA on the credit transaction, and an injunction

proceeding brought by DeCosta against Kirkland in District Court. This latter action was decided adversely to DeCosta on the claim for a temporary injunction and DeCosta's counsel claimed in proceedings on the motion for summary judgment that the case had been abandoned.

It is this type of vexatious litigation which the doctrine of res judicata is designed to prevent. "We have stated that the rule of res judicata is grounded, first, on a public policy and the necessity to terminate litigation, and, second, on the belief that a person should not be vexed more than once for the same cause." *Vantage Enterprises, Inc. v. Caldwell*, 196 Neb. 671, 675, 244 N.W.2d 678, 680 (1976).

Any right or fact in issue which has been directly adjudicated upon in the determination of an action before a court of competent jurisdiction in which a judgment has been rendered upon the merits is conclusively settled by that judgment and cannot again be litigated between the parties and privies whether the claim or subject matter of the two suits is the same or not. *Vantage Enterprises, Inc. v. Caldwell, supra.*

DeCosta insists that res judicata is an affirmative defense which must be pleaded in the answer to be available. It cites *United States Nat. Bank of Omaha v. Rupe*, 207 Neb. 131, 296 N.W.2d 474 (1980), in support of that proposition. The exact quotation from that case is as follows: "Res judicata is an affirmative defense which must ordinarily be pleaded to be available." *Id.* at 138, 296 N.W.2d at 478. We would agree that the normal procedure for pleading an affirmative defense is to place it in the answer. However, the purpose of that requirement is to give the opposing party adequate opportunity to meet the defense. Bearing that in mind, we know of no reason why it cannot properly be raised in a motion for summary judgment.

We have been unable to find any cases squarely

in point. However, in *Hammer v. Town of Green-burgh*, 440 F. Supp. 27, 29 (S.D. N.Y. 1977), the court said: "'Although Rule 12(b) Fed. R. Civ. P. does not expressly prescribe collateral estoppel as a ground for pretrial dismissal, "it is generally held that, in the interest of efficient and expeditious judicial administration, *res judicata* [and, as a corollary, collateral estoppel] can be raised and considered" via pre-trial motion to dismiss.' [Citations omitted]." And in a footnote in another case, *Weston Funding Corp. v. Lafayette Towers, Inc.*, 410 F. Supp. 980, 982 n. 2 (S.D. N.Y. 1976), the court went on to say: "This is particularly true where, as here, the issue is raised by way of motion for summary judgment so that the plaintiff is provided with an adequate opportunity to present arguments rebutting the defense."

In a case in which it appeared from the opinion that a motion for summary judgment was filed immediately following the amended complaint, the Colorado Supreme Court said: "That the defense of res judicata may, in a proper case, be raised and disposed of by a summary judgment proceeding has heretofore been recognized in this state." *Kaminsky v. Kaminsky*, 145 Colo. 492, 495, 359 P.2d 675, 677 (1961). "A motion for summary judgment is a proper procedure by which to raise the defense of res judicata." *Smith v. City of Los Angeles*, 190 Cal. App. 2d 112, 128, 11 Cal. Rptr. 898, 908 (1961).

We previously have cited the particular portion of the Nebraska statutes which permits a party against whom a claim is asserted to move for a summary judgment. This allows such a motion to be made without the filing of an answer. Under the circumstances of a case like this, we can see no distinction between filing an answer raising an affirmative defense followed by a motion for summary judgment, or the inclusion of the defense in the motion itself.

DeCosta also argues that summary judgment should be denied because we have no idea of what the evi-

dence was, who the witnesses were, or what the goods were which were the subject of the sale. We believe that it makes no difference. It is apparent to us from an examination of the two pleadings that both referred to the same transaction. It is too late to change the testimony.

We are of the opinion that the municipal court was correct in sustaining the motion for a summary judgment. That leaves us but one question, not raised or briefed by either party. We have said that an order of the trial court denying a motion for a summary judgment is not a final order, and therefore is not appealable. *Otteman v. Interstate Fire & Cas. Co., Inc.*, 171 Neb. 148, 105 N.W.2d 583 (1960). At the time of the hearing in District Court, July 1, 1981, Neb. Rev. Stat. § 24-541 (Reissue 1979) required the appeal to be de novo on the record and authorized the District Court to vacate the judgment or to remand the case to municipal court for a new trial. The question presented here is whether or not this amounted to an order denying the granting of a motion for summary judgment. We think not. An order of the municipal court sustaining a motion for a summary judgment is a final and appealable order. Its character, for the purposes of appeal, is not converted to an interlocutory order by a judgment of reversal in the District Court.

The judgment of the District Court is reversed and the cause is remanded with directions to enter an order sustaining the judgment of the municipal court of the city of Omaha.

REVERSED AND REMANDED WITH DIRECTIONS.