MARY L. MCBRIDE, APPELLANT, V. CITY OF MCCOOK, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.

321 N.W.2d 905

Filed July 9, 1982. No. 44213.

Herbert J. Friedman and James R. Harris of Friedman Law Offices, for appellant.

G. Peter Burger of Mousel & Burger, P.C., for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

BOSLAUGH, J.

This was an action for damages for breach of an alleged oral contract of employment. The trial court sustained a general demurrer to the plaintiff's amended petition. The plaintiff elected to stand upon the amended petition and the action was dismissed.

The amended petition alleged the plaintiff had entered into an oral contract with the defendant City to be employed by it as a block grant administrator for a term of 18 months. The plaintiff alleged her salary was to be $10,500 per year, with a $3,000 bonus at the end of the first year, and fringe benefits, including Blue Cross insurance. She alleged she had been damaged in the amount of $15,465 for lost wages, $1,500 for health insurance, plus general damages.

Since the alleged contract, by its terms, was "not to be performed within one year from the making thereof," it was subject to the statute of frauds. Neb. Rev. Stat. § 36-202 (Reissue 1978); *Montgomery*

*v. Quantum Labs, Inc.,* 198 Neb. 160, 251 N.W.2d 892 (1977). The statute provides in part that such an agreement is void unless it, "or some note or memorandum thereof, be in writing, and subscribed by the party to be charged therewith."

The plaintiff attempts to avoid the bar of the statute by arguing that a memorandum existed which satisfied the statute, and her employment from February 1, 1979, to July 17, 1979, approximately 5½ months, was sufficient part performance to take the contract out of the statute.

The written memorandum incorporated by reference in the amended petition was a classified advertisement published in the McCook Daily Gazette. The advertisement was not a sufficient memorandum to satisfy the statute because it did not contain the essential terms of the contract, such as salary. These are essential requirements of a memorandum. See *David v. Tucker,* 196 Neb. 575, 244 N.W.2d 197 (1976).

The employment for 5½ months was not sufficient part performance to permit enforcement of the oral contract for its full term. The general rule is that part performance of services under an oral contract not to be performed in 1 year is not sufficient to remove the contract from the operation of the statute of frauds as to the part which is still executory, and an action may not be maintained for the breach of the entire contract. Annot., 6 A.L.R.2d 1053 § 8 (1949); 73 Am. Jur. 2d *Statute of Frauds* § 506 (1974).

In *Montgomery v. Quantum Labs, Inc., supra,* a case involving a 15-month oral contract of employment, we said at 162-63, 251 N.W.2d at 894: "The threshold question is then whether or not the contract between Montgomery and Quantum, if oral, was a contract which could be performed within the period of 1 year and thus be exempt from the Statute of Frauds. The contract, according to Montgomery's testimony, was signed by him in the latter part

of August or early September 1972, and called for his immediate employment for a period from September 1, 1972, to December 1, 1973, a total of 15 months. The contract is for a period in excess of 1 year. It is subject to the terms of the act and unenforceable if it is an oral contract. Restatement, Contracts 2d, Tent. Dr. No. 4, section 198, which is unchanged from the original section 198 of Restatement, is as follows: '(1) Where any promise in a contract cannot be fully performed *within a year from the time the contract is made,* all promises in the contract are within the Statute of Frauds until one party to the contract completes his performance.

" '(2) When one party to a contract has completed his performance, the one-year provision of the Statute does not prevent enforcement of the promises of the other parties.' (Emphasis supplied.)"

The oral contract of employment alleged by the plaintiff was unenforceable under the statute of frauds. The amended petition was subject to demurrer. The judgment of the District Court is affirmed.

AFFIRMED.