KIMBERLY K. RATH, APPELLANT, V. SELECTION RESEARCH, INC., APPELLEE.

519 N.W.2d 503

Filed July 15, 1994. No. S-92-991.

Christopher J. Connolly, of Olds, Pieper & Connolly, and Arch Stokes and Maggie Stokes, of Stokes & Murphy, for appellant.

Roger P. Cox and Gregory D. Barton, of Harding & Ogborn, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

WHITE, J.

Following her termination from employment, Kimberly K. Rath sued her employer, Selection Research, Inc. (SRI), for negligent misrepresentation, breach of an implied contract, and breach of an implied covenant of good faith and fair dealing. Rath also sought a declaratory judgment, alleging that a

noncompetition agreement that she had signed was void as a matter of law. The district court granted summary judgment to SRI on all issues except the declaratory judgment. Rath appealed to the Nebraska Court of Appeals from that summary judgment. Under our authority to regulate the caseloads of the appellate courts of this state, we removed the matter to this court. We reverse the judgment and remand the cause for further proceedings.

Rath began working for SRI on a part-time basis while she was in college. After her graduation from college in the spring of 1983, Rath began working for SRI full time. The terms of Rath's full-time employment are the subject of the present appeal and will be discussed more fully in conjunction with our analysis.

In 1986, Rath married another SRI employee. In March 1989, according to Rath's petition, Dr. Donald O. Clifton (founder, president, and chairman of the board of SRI) informed Rath's husband that his employment would be terminated on May 31, 1989. In April 1989, also according to the petition, Rath's primary supervisor, Dr. Mick Zangari, told Rath that her employment could continue despite her husband's termination.

On May 31, 1989, Rath's husband filed a lawsuit naming SRI as defendant. On June 2, Rath alleges, Clifton and Zangari fired Rath for lack of loyalty, stating that a loyal employee would have informed the company of an impending lawsuit.

On June 14, Rath filed suit against SRI. After Rath had filed two amended petitions, SRI filed an answer and counterclaim, and Rath responded with a reply and answer. SRI then filed a motion for summary judgment. Before a hearing on the summary judgment motion, Rath filed a third amended petition, which SRI answered. The parties have stipulated that the motion for summary judgment should be decided with respect to the third amended petition.

On June 15, 1992, at the first hearing on SRI's motion for summary judgment, both parties submitted evidence and Rath requested a continuance, which was granted. On July 29, at the second hearing, Rath submitted supplemental exhibits. SRI objected to the exhibits and also filed a motion to strike the

exhibits.

On September 29, Rath filed a "response" to SRI's objection and motion to strike. The response consists of a 30-page brief, extensive deposition testimony, and the accompanying deposition exhibits.

Also on September 29, the district court granted SRI's motion for summary judgment. The court found that Rath's employment contract was either for 50 years or until age 65, that the contract could not be performed within 1 year, and therefore that Rath's claims based on her employment contract were barred by the statute of frauds. The court found that Rath had failed to produce any written memoranda which would satisfy the writing requirement of the statute of frauds. The court dismissed all of Rath's claims except for the declaratory judgment and sustained SRI's motion to strike to the extent that the evidence objected to was parol evidence.

Rath has assigned five errors, which in sum assert that the district court erred in granting summary judgment to SRI. Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Carpender v. Bendorf, ante* p. 77, 516 N.W.2d 619 (1994); *Horvath v. M.S.P. Resources, Inc., ante* p. 67, 517 N.W.2d 89 (1994). On appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom judgment was granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Carpender, supra*; *Horvath, supra.*

Since the perfection of this appeal, additional motions have been filed in this court. We reserved rulings on two of these motions: SRI's motion to strike Rath's response of September 29, 1992, and SRI's supplemental motion to strike those portions of Rath's appellate briefs which cite the material contained in Rath's response. Before addressing the merits of this appeal, we first dispose of the pending motions.

In moving to strike Rath's response of September 29, and any references thereto, SRI argues that the addenda to the response—the depositions and accompanying exhibits—are

not a part of the appellate record. We agree.

In order to receive consideration on appeal, depositions used on a motion for summary judgment must have been offered into evidence in the trial court and preserved in and made part of the bill of exceptions. See *Brown v. Shamberg*, 190 Neb. 171, 206 N.W.2d 846 (1973). See, also, *DeCosta Sporting Goods, Inc. v. Kirkland*, 210 Neb. 815, 316 N.W.2d 772 (1982) (corresponding rule for affidavits). The evidence Rath wants us to consider was never offered or entered into evidence in the trial court and was never made a part of the bill of exceptions. Instead, Rath simply filed her response of September 29 after the hearing on the motion for summary judgment and attached to that response the voluminous depositions of Rath and her husband.

Rath contends that her response of September 29 constitutes a pleading filed in the court and that the depositions were filed as a part of the pleading. By statute, the only pleadings allowed are the petition by the plaintiff, the answer or demurrer by the defendant, the demurrer or reply by the plaintiff, and the demurrer to the reply by the defendant. Neb. Rev. Stat. § 25-803 (Reissue 1989). Rath has provided us with no authority, and we are aware of none, which holds that a response to a motion is a permissible pleading.

We conclude that Rath's response is not a part of the appellate record. Therefore, the materials included in the response form no part of the basis for our decision.

Rath claims that her oral contract of employment could be performed within 1 year and thus was not void under the statute of frauds. The statute of frauds provides, in relevant part: "In the following cases every agreement shall be void, unless such agreement, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged therewith: (1) Every agreement that, by its terms, is not to be performed within one year from the making thereof . . . ." Neb. Rev. Stat. § 36-202 (Reissue 1988).

A contract "not to be performed within one year" is one which by its terms cannot be performed within 1 year. *Johnson v. First Trust Co.*, 125 Neb. 26, 248 N.W. 815 (1933); *Grotte v. Rachman*, 114 Neb. 284, 207 N.W. 204 (1926); *Carter White*

*Lead Co. v. Kinlin*, 47 Neb. 409, 66 N.W. 536 (1896). See *Montgomery v. Quantum Labs, Inc.*, 198 Neb. 160, 251 N.W.2d 892 (1977). To state the rule in positive terms, an oral agreement is valid under the statute of frauds if it is capable of being performed within 1 year from the date of making.

To determine whether Rath's alleged oral contract of employment is capable of being performed within 1 year, we must determine the duration of the alleged contract. As to the duration of the alleged contract, the record is confusing at best. Throughout her pleadings, affidavits, and answers to interrogatories, Rath uses numerous terms to describe the duration of her alleged contract. According to Rath, the alleged contract was to last for her "lifetime," her "career," her "work lifetime," "50 years," and "until age 65." In addition to using a wide variety of terms, Rath also combines these terms in a variety of ways. For example, Rath alleges in her petition that SRI promised her "a 'lifetime' career at [SRI] until age 65," alleges in an affidavit that she was offered a "fifty year/lifetime contract," and alleges in answers to interrogatories that SRI made her a "fifty (50)-year/work lifetime commitment."

Rath argues that the alleged contract was for an indefinite period—her work lifetime. SRI argues that, accepting everything Rath alleges as true, the alleged contract was for a definite term—either until age 65 or 50 years. These two positions each yield a different result under the statute of frauds.

Under the statute of frauds, an oral employment contract with a work lifetime duration is valid. *Boothby v. Texon, Inc.*, 414 Mass. 468, 608 N.E.2d 1028 (1993) (oral contract for permanent employment is valid under statute of frauds); *Kestenbaum v. Pennzoil Co.*, 108 N.M. 20, 766 P.2d 280 (1988), *cert. denied* 490 U.S. 1109, 109 S. Ct. 3163, 104 L. Ed. 2d 1026 (1989) (oral contract for permanent employment is valid under statute of frauds); Restatement (Second) of Contracts § 130, comment *a.*, illus. 2 (1981). See *Doherty v. Doherty Ins. Agency, Inc.*, 878 F.2d 546 (1st Cir. 1989) (contract to supply benefits for a partner's lifetime is valid under statute of frauds). But see *Zimmerman v. H.E. Butt Grocery Co.*, 932 F.2d 469 (5th Cir. 1991), *cert. denied* 502 U.S. 984, 112 S. Ct. 591, 116

L. Ed. 2d 615 (oral contract for permanent employment is barred by statute of frauds). Such a contract is valid because, in theory, the employee could die within 1 year. If the employee died within 1 year of making the contract, the employee would have worked and been employed for his lifetime, thus, both parties would have fully performed the contract. *Doherty, supra*; the Restatement, *supra*. The contract is therefore capable of performance within 1 year.

In contrast, unless an exception applies, an oral employment contract with a 50-year duration is void under the statute of frauds. See, *McBride v. City of McCook*, 212 Neb. 112, 321 N.W.2d 905 (1982) (oral employment contract for 18 months is void under the statute of frauds); *Montgomery, supra* (oral employment contract for 15 months is void under the statute of frauds). If the employee died within 1 year of making the 50-year contract, the contract would terminate and the parties would be excused from performance, but the contract would not have been fully performed. *Celi v. Canadian Occidental Petroleum Ltd.*, 804 F. Supp. 465 (E.D.N.Y. 1992) (termination of a contract as a result of its breach is not performance for purposes of statute of frauds); *Blue Valley Creamery Co. v. Consolidated Products Co.*, 81 F.2d 182 (8th Cir. 1936), *appeal after remand* 97 F.2d 182 (8th Cir. 1938), *cert. denied* 305 U.S. 629, 59 S. Ct. 93, 83 L. Ed. 403 (1938) (statute of frauds looks to the performance of the contract, not the defeat of the contract). See the Restatement, *supra* at comment *b.*, illus. 5. Thus, the 50-year employment contract is not capable of performance within 1 year. For similar reasons, an oral employment contract "until age 65" would be void under the statute of frauds. See, *Trum v. Melvin Pierce Marine Coating*, 562 So. 2d 235 (Ala. 1990); *Harris v. Arkansas Book Co.*, 287 Ark. 353, 700 S.W.2d 41 (1985); *Burton v. Atomic Workers Fed. Cr. Union*, 119 Idaho 17, 803 P.2d 518 (1990).

The district court determined that the contract between Rath and SRI was to last either until age 65 or for 50 years. In either case, the court reasoned, the contract was void under the statute of frauds. We find that the record is not sufficiently clear for the district court to have determined the duration of the contract; rather, the record presents a genuine issue of material fact as to the duration of the contract.

We recognize that this issue of fact is largely the result of Rath's failure to present her case in a consistent manner. However, SRI has failed to force Rath, through any procedural means, to choose from among the inconsistent facts which she has presented. Instead, SRI has been content to emphasize the favorable portions of the record.

The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Young v. First United Bank of Bellevue, ante* p. 43, 516 N.W.2d 256 (1994); *Katskee v. Blue Cross/Blue Shield*, 245 Neb. 808, 515 N.W.2d 645 (1994). As a result of SRI's failure to pin Rath down to any one version of the facts, SRI has failed to sustain its burden of demonstrating that there is no genuine issue of material fact. Having found that there is a genuine issue of material fact, it is unnecessary for us to consider Rath's alternative arguments.

The district court improperly granted summary judgment. The judgment of the district court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.