ROSIE RODRIGUEZ, APPELLANT, V. JESS C. NIELSEN, DOING BUSINESS AS NIELSEN & BIRCH, APPELLEE.

609 N.W. 2d 368

Filed April 21, 2000.    No. S-98-1083.

Larry D. Sather, on brief, for appellant.

Marvin O. Kieckhafer, of Kay & Kay, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

This appeal presents the question, What are the required allegations to state a cause of action for legal malpractice by a convicted criminal against his or her criminal defense lawyer?

The appellant, Rosie Rodriguez, filed suit against the appellee, Jess C. Nielsen, doing business as Nielsen & Birch (Nielsen), for legal malpractice. Rodriguez alleged that Nielsen's representation of her in a misdemeanor criminal action was negligent in various respects and resulted in damage to her. The district court sustained Nielsen's motion for summary judgment on the ground that Rodriguez' amended petition did not properly allege "but for" causation; therefore, Rodriguez could not adduce evidence that would result in a verdict favorable to her.

We conclude that a convicted criminal in an action against his or her former criminal defense lawyer must, in addition to the usual requirements of employment, duty, breach, proximate cause, and damage, allege facts supporting an allegation of innocence. We reverse the trial court's dismissal because we conclude that Rodriguez should have had an opportunity to amend her petition.

## FACTS

Rodriguez and her husband, John Rodriguez, originally filed suit against Nielsen for legal malpractice and breach of contract in connection with Nielsen's representation of Rodriguez in a criminal misdemeanor matter in Lincoln County, Nebraska. Nielsen filed a demurrer to Rodriguez' petition on the grounds that (1) there was a defect of parties, (2) several causes of action were improperly joined, and (3) the petition did not state facts sufficient to constitute a cause of action against Nielsen. The trial court sustained Nielsen's demurrer on the grounds that there was an improper joinder of parties plaintiff and an improper joinder of causes of action. Rodriguez then dropped John Rodriguez from the lawsuit, eliminated the breach of contract claim, and filed an amended petition that alleged Nielsen's negligence. Rodriguez' amended petition alleged, among other things, that (1) Nielsen owed her a duty of care to represent her in a competent manner, consistent with the standards of care of the criminal defense bar in Lincoln County, Nebraska; (2) Nielsen was negligent in the performance of his duties with regard to his representation of Rodriguez; and (3) Nielsen's negligence was the proximate cause of Rodriguez' damages.

Nielsen answered the amended petition, alleging, among other things, that Rodriguez' amended petition failed to state a cause of action against him. Approximately 1 month before the scheduled pretrial conference, Nielsen filed a motion for summary judgment asserting that there was no genuine issue as to any material fact and that Nielsen was entitled to summary judgment as a matter of law.

A hearing on the motion for summary judgment was held by a telephone conference. Counsel for Nielsen was present in the judge's chambers, and counsel for Rodriguez participated by telephone. From the record, it appears that counsel for Rodriguez wished to offer certain evidentiary items that were not in the trial court's possession at the time of the hearing. The trial court purported to give Rodriguez 10 days to deliver the items to the court, and Nielsen noted his objection for the record. Nielsen did not offer any evidence other than the amended petition and the answer to the amended petition. The trial court took judicial notice of the file, which contained the two pleadings.

Counsel for Nielsen then proceeded to make his argument to the court. The germane portions of the argument are as follows:

> The basis of my motion for summary judgment is generally that there's no way you're going to be able to show proximate cause here. . . .

> Significantly, the petition does not allege anywhere that the plaintiff was not guilty, and that her conviction was a result of the negligence of Mr. Nielsen. . . . I believe that the plaintiff's petition is defective on its face because it has failed to allege that the plaintiff was innocent. And certainly it would be our position that if you haven't alleged that then the case should be dismissed. . . .

> . . . .

> And so that's why I don't think we need all the evidence, the depositions and so forth. It really goes to the pleadings, the basis of the case, and from our position, it doesn't fly. It doesn't make it. And so we ask the Court to sustain the motion for summary judgment and dismiss the petition.

After taking the matter under advisement, the court sustained Nielsen's motion for summary judgment and dismissed the amended petition at Rodriguez' cost. The trial court based its decision on the following:

> The allegations contained within the Amended Petition do not set out any claim by the Plaintiff that the negligence of the Defendant was a proximate cause of any damages to the Plaintiff. Specifically, there is no allegation to the effect that but for the negligence of the Defendant, the Plaintiff would have been found not guilty at trial.
>
> . . . .
>
> . . . Absent such a pleading, no evidence can be adduced which would result in a favorable verdict for the Plaintiff.

## ASSIGNMENTS OF ERROR

Rodriguez' assignments of error allege, summarized and restated, that the trial court erred in granting Nielsen's motion for summary judgment because the amended petition, affidavits, and expert opinion established many genuine issues of material fact and Nielsen was not entitled to judgment as a matter of law. Rodriguez also alleges that it was error for the trial court to grant Nielsen's motion for summary judgment when Rodriguez reserved the right to amend her petition.

## STANDARD OF REVIEW

■ Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Ohio Nat. Life Ins. Co. v. Rust*, 255 Neb. 372, 585 N.W.2d 438 (1998).

■ In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

## ANALYSIS

■ In essence, Rodriguez argues that the trial court erred in granting Nielsen's motion for summary judgment because the

amended petition, affidavits, and expert opinion submitted by Rodriguez raised issues of material fact. We note that the affidavits and deposition of Rodriguez' expert to which she refers have not been made a part of the record for our review. In order to receive consideration on appeal, any affidavits or depositions used on a motion for summary judgment must have been offered in evidence in the trial court and preserved in and made a part of the bill of exceptions. See, *Rath v. Selection Research, Inc.*, 246 Neb. 340, 519 N.W.2d 503 (1994) (depositions used on motion for summary judgment); *DeCosta Sporting Goods, Inc. v. Kirkland*, 210 Neb. 815, 316 N.W.2d 772 (1982) (affidavits used on motion for summary judgment).

Included within the transcript and the supplemental bill of exceptions are various affidavits and excerpts from the deposition of Rodriguez' expert witness. However, none of these items were offered, marked, or received by the trial judge at the summary judgment hearing, and under the rules cited above, they may not be considered on appeal. Moreover, many of the items Rodriguez refers to were attached to a response filed June 9, 1998, entitled "Plaintiff's Response to Defendant's Motion for Summary Judgment." We have previously held that "[b]y statute, the only pleadings allowed are the petition by the plaintiff, the answer or demurrer by the defendant, the demurrer or reply by the plaintiff, and the demurrer to the reply by the defendant." *Rath v. Selection Research, Inc.*, 246 Neb. at 343, 519 N.W.2d at 506. Under *Rath*, a response to a motion for summary judgment is not a permissible pleading. Therefore, Rodriguez' response to Nielsen's motion for summary judgment "is not a part of the appellate record. Therefore, the materials included in the response form no part of the basis for our decision." See *id.*

Therefore, our review of the record is limited to the bill of exceptions of telephonic hearings and two judicially noticed pleadings: the amended petition and Nielsen's answer to the amended petition.

Before proceeding, it will be useful to summarize the relevant procedural steps taken in this case. When Rodriguez filed her amended petition, Nielsen did not demur. His answer, however, alleged that Rodriguez failed to state a cause of action against

him. Approximately 1 year later, as trial approached, Nielsen moved for summary judgment. During the summary judgment hearing, Nielsen outlined for the court the grounds upon which he based his motion for summary judgment. With respect to Rodriguez' amended petition, Nielsen's counsel argued as follows:

> [T]he petition does not allege anywhere that the plaintiff was not guilty, and that her conviction was a result of the negligence of Mr. Nielsen. . . . I believe that the plaintiff's petition is defective on its face because it has failed to allege that the plaintiff was innocent. And certainly it would be our position that if you haven't alleged that then the case should be dismissed.

Thus, Nielsen did not contend that he was entitled to summary judgment as a matter of law because there were no genuine issues of material fact. Rather, we read the allegation contained in Nielsen's answer and his argument for summary judgment as a challenge to the sufficiency of the petition to state a cause of action. See *Hoch v. Prokop*, 244 Neb. 443, 507 N.W.2d 626 (1993). A motion for summary judgment, however, is not a proper method to challenge the sufficiency of a petition to state a cause of action. See *Ruwe v. Farmers Mut. United Ins. Co.*, 238 Neb. 67, 469 N.W.2d 129 (1991).

When it has been asserted in a summary judgment motion that an opposing party has failed to state a cause of action, as far as that issue is concerned, the motion may be treated as one in fact for a judgment on the pleadings, notwithstanding its designation as something other than that. See *id*. Because Nielsen's motion for summary judgment challenged the sufficiency of Rodriguez' amended petition, we shall treat the motion as one for judgment on the pleadings. See *Hoch v. Prokop, supra.* Accordingly, we consider whether Rodriguez' amended petition states a cause of action.

Nielsen contends that Rodriguez failed to properly allege proximate causation for criminal legal malpractice. Specifically, Nielsen argues that a previously convicted criminal who files a malpractice claim must allege and prove his or her actual innocence in order to establish proximate cause. Rodriguez' appeal raises an issue of first impression. In order to decide whether

Rodriguez' amended petition failed to state a cause of action, we must first determine the requirements for alleging a legal malpractice action against a convicted criminal's defense lawyer.

In civil legal malpractice actions, there are three elements that a plaintiff alleging attorney negligence must prove: (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, and (3) that such negligence resulted in and was the proximate cause of loss (damages) to the client. *Patterson v. Swarr, May, Smith & Anderson*, 238 Neb. 911, 473 N.W.2d 94 (1991). In cases involving alleged malpractice in the defense of a criminal matter, however, the majority of courts that have considered the issue have also required a convicted criminal who files a malpractice claim to allege and prove actual innocence. See *Wiley v. County of San Diego*, 19 Cal. 4th 532, 966 P.2d 983, 79 Cal. Rptr. 2d 672 (1998) (citing numerous cases holding that plaintiff must prove actual innocence). Other jurisdictions, in addition to requiring proof of actual innocence, have required convicted criminals to obtain postconviction relief or to set aside their convictions on appeal before pursuing an action for legal malpractice against their defense attorneys. See *Rowe v. Schreiber*, 725 So. 2d 1245 (Fla. App. 1999) (citing holdings requiring convicted criminals to obtain postconviction relief before bringing criminal malpractice claims).

Common to all the decisions that require proof of actual innocence are considerations of public policy. Unless a plaintiff can establish his or her innocence of the underlying criminal charges, the law views the criminal conduct as the legal cause of damages, and not the attorney's malpractice. See, *id.* (citing *Peeler v. Hughes & Luce*, 909 S.W.2d 494 (Tex. 1995)); *Glenn v. Aiken*, 409 Mass. 699, 569 N.E.2d 783 (1991); *Carmel v. Lunney*, 70 N.Y.2d 169, 511 N.E.2d 1126, 518 N.Y.S.2d 605 (1987). Thus, public policy prohibits a convicted criminal from bringing a malpractice action against his or her attorney because allowing such a claim would provide the criminal with an opportunity to profit either directly or indirectly from his or her criminal conduct. See *Mahoney v. Shaheen & Gordon, P.A.*, 143 N.H. 491, 727 A.2d 996 (1999) (citing *Glenn v. Aiken, supra*). One court has articulated the public policy considerations by stating that permitting a convicted criminal to pursue a legal

malpractice claim without requiring proof of innocence would allow the criminal

> "to profit by his own fraud, or to take advantage of his own wrong, or to found [a] claim upon his iniquity, or to acquire property by his own crime." . . .

> As such it is against public policy for the suit to continue in that it "would indeed shock the public conscience, engender disrespect for courts and generally discredit the administration of justice."

(Citation omitted.) *State ex rel. O'Blennis v. Adolf,* 691 S.W.2d 498, 504 (Mo. App. 1985). See, also, *Wiley v. County of San Diego,* 19 Cal. 4th at 539, 966 P.2d at 987, 79 Cal. Rptr. 2d at 676 ("[r]egardless of the attorney's negligence, a guilty defendant's conviction and sentence are the direct consequence of his own perfidy"); *Bailey v. Tucker,* 533 Pa. 237, 248, 621 A.2d 108, 113 (1993) ("if . . . the defendant committed unlawful acts which constitute the crime or crimes charged, he will not be able to collect damages [because] a guilty plaintiff collecting damages would violate the public policy of this state"); *Peeler v. Hughes & Luce,* 909 S.W.2d at 497 ("nearly every court that has addressed the question of whether a [convicted criminal] may sue his or her attorney holds that, for reasons of public policy, the criminal conduct is the only cause of any injury suffered as a result of conviction").

A second public policy consideration for requiring proof of actual innocence in criminal malpractice claims is that the public has a strong interest in encouraging the representation of criminal defendants, especially indigents. Requiring proof of innocence "helps to encourage that kind of legal representation by reducing the risk that malpractice claims will be asserted and, if asserted, will be successful." *Glenn v. Aiken,* 409 Mass. at 708, 569 N.E.2d at 788. See, also, *Mahoney v. Shaheen & Gordon, P.A.,* 143 N.H. at 496, 727 A.2d at 999 ("pool of legal representation available to criminal defendants, especially indigents, needs to be preserved"); *Bailey v. Tucker, supra* (recognizing validity of appellee's contention that availability of actions by defendants against their former attorneys would provide powerful disincentive to practitioners to continue in field of criminal defense representation).

■ We agree with the vast majority of courts that public policy prohibits a convicted criminal from profiting by his or her illegal conduct, as well as the smaller number of courts that recognize the importance of minimizing the adverse impact of criminal malpractice claims on the future representation of criminal defendants. We believe that it is the illegal conduct of a convicted criminal who files a malpractice claim, rather than any subsequent negligence of counsel, that is the cause in fact of any injuries flowing from the conviction. We therefore hold that a convicted criminal who files a legal malpractice claim against his or her defense counsel must allege and prove that he or she is innocent of the underlying crime. This requirement is in addition to the ordinary causation element for legal malpractice. Thus, such person must plead and prove the following: (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, (3) that such negligence resulted in and was the proximate cause of loss (damages) to the client, and (4) innocence of the underlying crime with which the plaintiff was charged.

■ We do not agree with those jurisdictions that require convicted criminals to obtain exoneration through postconviction relief or reversal on appeal before pursuing an action for criminal legal malpractice; the statute of limitations for professional negligence, Neb. Rev. Stat. § 25-222 (Reissue 1995), and our decision in *Seevers v. Potter*, 248 Neb. 621, 537 N.W.2d 505 (1995), prevent us from adopting such a rule. In *Seevers*, the plaintiff's criminal malpractice action was dismissed on the ground that it was barred by the statute of limitations. Seevers appealed, arguing that the statute of limitations is tolled in a criminal legal malpractice action until postconviction relief is obtained. This court determined that Seevers' imprisonment did not toll the statute of limitations. In light of our decision in *Seevers*, we conclude that a convicted criminal need not obtain exoneration through reversal or postconviction relief in order to maintain an action for criminal defense legal malpractice. Were we to impose reversal or postconviction relief as a prerequisite to maintaining such an action, virtually no convicted criminal could successfully bring a criminal legal malpractice claim because the statute of limitations would likely run before exoneration could reasonably be obtained. We therefore hold that a

convicted criminal who files a malpractice claim need not obtain exoneration through reversal or postconviction relief in order to maintain an action for criminal legal malpractice.

Because we conclude that a convicted criminal who files a malpractice claim must allege and prove innocence of the underlying crime, we find that Rodriguez' amended petition failed to state a cause of action. Rodriguez' amended petition does not allege her innocence of the crimes for which she was convicted, nor does it allege facts which would even raise the issue of her innocence. Under Neb. Rev. Stat. § 25-804(2) (Reissue 1995), the petition must contain "a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition." Without a statement of facts to support an allegation of innocence, Rodriguez' amended petition cannot be read to constitute a cause of action for criminal legal malpractice. Therefore, Rodriguez' amended petition failed to state a cause of action.

We have held that when a party challenges the sufficiency of a petition to state a cause of action, a motion for judgment on the pleadings should be sustained only when an amendment cannot cure the defect. *Hoch v. Prokop*, 244 Neb. 443, 507 N.W.2d 626 (1993). We determine that there is a reasonable possibility that Rodriguez could cure the defect of the amended petition. To cure the defect, Rodriguez must allege facts to demonstrate her innocence of the underlying crimes for which she was convicted.

## CONCLUSION

The trial court committed error by granting summary judgment in favor of Nielsen. Because Rodriguez' amended petition failed to allege innocence and therefore failed to state a cause of action for criminal legal malpractice, Nielsen's motion for summary judgment should have been treated as a motion for judgment on the pleadings. Because there is a reasonable possibility of curing the defect, the motion for judgment on the pleadings should be treated as a demurrer for failure to state a cause of action, and Rodriguez should be given leave to amend her petition. The judgment of the trial court dismissing the action is reversed, and the cause is remanded with directions.

REVERSED AND REMANDED WITH DIRECTIONS.