BRIAN ALTAFFER, APPELLEE, v. MAJESTIC ROOFING, LLC,
AND DENNIS JONES, APPELLANTS, AND
DANIEL J. TAYLOR, APPELLEE.

641 N.W.2d 34

Filed March 29, 2002.   No. S-00-773.

Tim W. Thompson and Kimberli D. Dawson, of Kelley, Scritsmier & Byrne, P.C., for appellants.

Ryan R. Wilcox for appellee Brian Altaffer.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

### NATURE OF CASE

The Red Willow County District Court granted summary judgment in favor of Brian Altaffer and against Majestic Roofing, LLC (Majestic), and Dennis Jones in the amount of $36,500 plus postjudgment interest and costs. Majestic and Jones timely filed this appeal.

## SCOPE OF REVIEW

Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Ohio Cas. Ins. Co. v. Carman Cartage Co.*, 262 Neb. 930, 636 N.W.2d 862 (2001).

## FACTS

On October 29, 1999, Altaffer filed a petition against Majestic, Jones, and Daniel J. Taylor, alleging breach of contract, fraudulent misrepresentation, slander, and other claims. The petition asserted that Majestic was a limited liability company licensed to operate in Colorado and that Jones was the registered agent. Jones filed a responsive pleading on December 16 entitled "Answer to Summons." Jones stated: "We either Deny, Dispute the allegations or have a counter claim [sic]."

On May 9, 2000, Altaffer filed a motion for summary judgment and an affidavit in support of the motion. Jones appeared without counsel at the hearing on the motion for summary judgment on June 16. At the hearing, Altaffer moved for a default judgment, claiming that a proper answer had not been filed. The district court overruled this motion, finding that Jones' pleading, although not in proper form, was a sufficient answer.

The district court then heard Altaffer's motion for summary judgment. Altaffer asked the court to take judicial notice of the court file, which contained the affidavit in support of his motion for summary judgment, and the court stated it would take judicial notice of the affidavit. Jones offered no evidence. The court then entered summary judgment against Majestic and Jones in the amount of $36,500. Taylor, an alleged manager for Majestic, was not mentioned in the summary judgment order. Majestic and Jones have appealed.

## ASSIGNMENT OF ERROR

Majestic and Jones assign as error that the district court erred in finding that there was no genuine issue of material fact and that Altaffer was entitled to a judgment as a matter of law.

## ANALYSIS

Majestic and Jones claim the district court erred in considering Altaffer's affidavit. They assert that because the affidavit was not offered and received as an exhibit at the summary judgment hearing, the district court should not have considered it as evidence.

■ Altaffer's affidavit was filed with the clerk of the district court, but it was never offered into evidence and was not made a part of the bill of exceptions. This court has long held that an affidavit in support of a motion for summary judgment must be offered as an exhibit and must be made part of the bill of exceptions. See *Peterson v. George*, 168 Neb. 571, 96 N.W.2d 627 (1959). In *Peterson*, we stated:

> The fact that an affidavit used as evidence in the district court was filed in the office of the clerk of the district court and made a part of the transcript is not important to a consideration and decision of an appeal in the cause to this court. If such an affidavit is not preserved in a bill of exceptions, its existence or contents cannot be known by this court.

168 Neb. at 577, 96 N.W.2d at 631. In order to receive consideration on appeal, any affidavits or depositions used on a motion for summary judgment must have been offered and received in evidence in the trial court and preserved in and made a part of the bill of exceptions. *Rodriguez v. Nielsen*, 259 Neb. 264, 609 N.W.2d 368 (2000); *DeCosta Sporting Goods, Inc. v. Kirkland*, 210 Neb. 815, 316 N.W.2d 772 (1982).

A trial court cannot take judicial notice of disputed allegations. *In re Interest of N.M. and J.M.*, 240 Neb. 690, 484 N.W.2d 77 (1992). See Neb. Rev. Stat. § 27-201(2) (Reissue 1995). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (a) generally known within the territorial jurisdiction of the trial court or (b) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.*

The problem here is that a party cannot place an affidavit in the court file and then request the court to take judicial notice of the facts contained in the affidavit. In an action for summary judgment, the proponent of the affidavit must mark and offer it as an exhibit and make it a part of the bill of exceptions. Unless

the affidavit is marked, offered, and accepted, it does not become part of the record and cannot be considered by the trial court as evidence in the case. In the case at bar, the district court erred in taking judicial notice of the affidavit in the court file. An affidavit must be marked, offered, received, and preserved in the bill of exceptions.

Altaffer argues that Majestic and Jones suffered no detriment because they were able to view the affidavit prior to the summary judgment hearing. This is not relevant to the question of whether the affidavit was included in the bill of exceptions. Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Ohio Cas. Ins. Co. v. Carman Cartage Co.*, 262 Neb. 930, 636 N.W.2d 862 (2001). The affidavit was not offered at the hearing, and therefore, it cannot be considered by this court. Since there was no evidence before the district court upon which to render a judgment, the court erred in sustaining Altaffer's motion for summary judgment.

## CONCLUSION

The district court erred in granting summary judgment in favor of Altaffer. Therefore, the judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.