KELLY M. HOGAN, APPELLANT, V. GARDEN COUNTY, NEBRASKA, A NEBRASKA POLITICAL SUBDIVISION, APPELLEE.

646 N.W.2d 257

Filed June 21, 2002.   No. S-01-079.

Kelly M. Hogan, pro se.

Philip E. Pierce, of Pierce Law Office, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
Kelly M. Hogan appeals the decision of the district court for Garden County overruling his motion for partial summary judgment; granting the motion for summary judgment filed by Garden County, Nebraska; and dismissing Hogan's petition with prejudice. No hearing or other evidentiary proceeding was conducted on the cross-motions for summary judgment, and there is no bill of exceptions which, in the proper course, would record the evidence offered, received, and available to the trial court for consideration. Because there was no evidence to support the decision of the district court and material allegations in the parties' pleadings were controverted, the record on appeal does not support the order granting the county's motion for summary judgment. Accordingly, we affirm that portion of the district

court's order which overruled Hogan's motion for partial summary judgment, and we reverse that portion of the district court's order that granted the county's motion for summary judgment and remand the cause for further proceedings.

## STATEMENT OF FACTS

Issues related to the instant appeal were previously before the appellate courts. See, *Hynes v. Hogan*, 251 Neb. 404, 558 N.W.2d 35 (1997); *Hynes v. Hogan*, 4 Neb. App. 866, 553 N.W.2d 162 (1996). In November 1994, Hogan was elected to the office of Garden County Attorney. On March 21, 1995, Hogan's opponent in the election, Eugene J. Hynes, filed a complaint for Hogan's removal from office, alleging that Hogan resided outside of Garden County, in violation of Neb. Rev. Stat. § 23-1201.01 (Supp. 1993), and that therefore, Hogan was guilty of official misconduct and his office should be declared vacant. Following trial, the district court found Hogan in violation of § 23-1201.01 and determined his actions constituted official misconduct. Thereupon, the district court declared the office of Garden County Attorney to be vacant. The Nebraska Court of Appeals reversed the district court's judgment removing Hogan from office, and upon further review, this court affirmed in relevant part the decision of the Court of Appeals. See, *Hynes v. Hogan*, 251 Neb. 404, 558 N.W.2d 35 (1997); *Hynes v. Hogan*, 4 Neb. App. 866, 553 N.W.2d 162 (1996).

On January 3, 1997, Hogan reassumed the position of Garden County Attorney and continued in that position until November 16, 1998, when he resigned. On November 20, Hogan filed the instant action against the county in the Garden County District Court. In his petition, Hogan alleged, inter alia, that as Garden County Attorney, he was entitled to a specified salary and to benefits for each of the years 1995 through 1998; that he had performed all of the conditions and requirements of his employment; that the county ceased paying him his salary and benefits during the period of time when he was removed from office; and that he was entitled to receive from the county his unpaid salary and benefits. On May 5, 1999, the county filed its "Answer and Affirmative Defense and Setoff," in which it, inter alia, denied each of the above allegations.

On September 27, 1999, the county moved for summary judgment, seeking judgment in its favor and the dismissal of Hogan's petition. On October 20, Hogan filed a motion for partial summary judgment, seeking an order that the county was liable for his unpaid salary and benefits. It is undisputed that no hearing or other evidentiary proceeding was actually held on the cross-motions for summary judgment. It is also undisputed that neither party formally offered evidence. Evidently, the parties submitted written arguments in the form of briefs to the district court. In their briefs on appeal, the parties refer to affidavits attached to the county's motion for summary judgment. The parties posit that these affidavits form the basis for the district court's decision. There is no bill of exceptions with respect to the consideration and disposition of the cross-motions for summary judgment.

In an order filed December 20, 2000, the district court overruled Hogan's motion for partial summary judgment, granted the county's motion for summary judgment, and dismissed Hogan's petition with prejudice. Hogan appeals.

## ASSIGNMENT OF ERROR

On appeal, Hogan assigns seven errors which can be restated as one. Hogan claims, restated, that the district court erred in overruling his motion for partial summary judgment and granting the county's motion for summary judgment and dismissing the petition with prejudice.

## STANDARDS OF REVIEW

Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Ohio Cas. Ins. Co. v. Carman Cartage Co.*, 262 Neb. 930, 636 N.W.2d 862 (2001). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Nicholson v. General Cas. Co. of Wis.*, 262 Neb. 879, 636 N.W.2d 372 (2001). Although the denial of a motion for

summary judgment, standing alone, is not a final, appealable order, when adverse parties have each moved for summary judgment and the trial court has sustained one of the motions, the reviewing court obtains jurisdiction over both motions and may determine the controversy which is the subject of those motions or make an order specifying the facts which appear without substantial controversy and direct further proceedings as it deems just. *Fontenelle Equip. v. Pattlen Enters.*, 262 Neb. 129, 629 N.W.2d 534 (2001).

## ANALYSIS

With respect to our evaluation of the correctness of the district court's rulings, we are confronted in this appeal with the fundamental problem that no hearing or other evidentiary proceeding was conducted on the cross-motions for summary judgment and that there is no bill of exceptions with respect to the district court's determinations of these motions. This court has stated that the primary purpose of the summary judgment procedure is to pierce the allegations made in the pleadings and show conclusively that the controlling facts are other than as pled, and thus resolve, without the expense and delay of trial, those cases where there exists no genuine issue as to any material fact or as to the ultimate inferences to be drawn therefrom, and where the moving party is entitled to judgment as a matter of law. *City State Bank v. Holstine*, 260 Neb. 578, 618 N.W.2d 704 (2000); *Moore v. American Charter Fed. Sav. & Loan Assn.*, 219 Neb. 793, 366 N.W.2d 436 (1985). Since the party moving for summary judgment has the burden of showing that no genuine issue as to any material fact exists, that party must therefore produce enough evidence to demonstrate such party's entitlement to a judgment if the evidence remains uncontroverted, after which the burden of producing contrary evidence shifts to the party opposing the motion. *Id.* If a genuine issue of fact exists, summary judgment may not properly be entered. *Id.* The foregoing presupposes that an evidentiary proceeding is conducted on the motion for summary judgment.

In *Gerdes v. Klindt's, Inc.*, 247 Neb. 138, 141, 525 N.W.2d 219, 221 (1995), this court stated that "all evidentiary proceedings shall require the presence of a court reporter who shall make

a verbatim record of the proceedings, and such recording may not be waived by the court or the parties." Indeed, Neb. Ct. R. of Official Ct. Rptrs. 3 (rev. 2000) provides in part as follows: "The official reporter shall be charged with making a verbatim record of all proceedings in such court in accordance with Neb. Ct. R. of Prac. 5." Neb. Ct. R. of Prac. 5A(1) (rev. 2000) provides: "The official court reporter shall in all instances make a verbatim record of the evidence offered at trial or other evidentiary proceeding, including but not limited to objections to any evidence and rulings thereon, oral motions, and stipulations by the parties. This record may not be waived."

■ In connection with a motion for summary judgment, we have recently repeated the requirement that the proponent of evidence must mark and offer the exhibit into evidence. *Altaffer v. Majestic Roofing*, 263 Neb. 518, 641 N.W.2d 34 (2002). "Unless the [evidence] is marked, offered, and accepted, it does not become part of the record and cannot be considered by the trial court as evidence in the case." *Id.* at 520-21, 641 N.W.2d at 37. Where the nature of the proceeding requires evidence, the making of an evidentiary record by means of a court reporter in the trial court cannot be waived. *Gerdes, supra.*

As summarized above, no hearing or other evidentiary proceeding was held on the parties' respective summary judgment motions, and there is no bill of exceptions which in the proper course would memorialize the evidence offered, received, and considered by the district court. Although reference is made to affidavits in support of the county's summary judgment motion, the parties concede that the affidavits were not offered or received into evidence by the district court. Due to the failure of the parties to offer the evidence on the record, the district court had no evidence before it when it considered the parties' summary judgment motions. See, *Altaffer, supra*; *Gerdes, supra.*

Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Ohio Cas. Ins. Co. v. Carman Cartage Co.*, 262 Neb. 930, 636 N.W.2d 862 (2001). Because no evidence was offered by

the parties or received by the district court, there was no evidence upon which the district court could render its decision.

■ In order to receive consideration on appeal, any affidavits or other evidence used on a motion for summary judgment must have been offered in evidence in the trial court and preserved in and made a part of the bill of exceptions. *Altaffer, supra*; *Rath v. Selection Research, Inc.*, 246 Neb. 340, 519 N.W.2d 503 (1994); *Keystone Ranch Co. v. Central Neb. Pub. Power & Irr. Dist.*, 237 Neb. 188, 465 N.W.2d 472 (1991). In *Sindelar v. Hanel Oil, Inc.*, 254 Neb. 975, 581 N.W.2d 405 (1998), we stated that the only issue which will be considered on appeal of a summary judgment, absent the bill of exceptions, is the sufficiency of the pleadings to support the judgment. Our consideration of this appeal is therefore limited to an examination of the pleadings; if they are sufficient to support the judgment, we will not reverse the district court's decision. See, *id.*; *Stromsburg Bank v. Nuttelman*, 218 Neb. 687, 358 N.W.2d 746 (1984).

In Hogan's petition seeking the payment of salary and benefits, he alleged, inter alia, that as Garden County Attorney, he was entitled to a specified salary and to benefits for each of the years 1995 through 1998; that he had performed all of the conditions and requirements of his employment; that the county ceased paying him his salary and benefits during the period of time when he was removed from office; and that he was entitled to receive from the county his unpaid salary and benefits. For relief, Hogan sought, inter alia, his unpaid salary and employment benefits. In its answer, the county denied these allegations which are allegations pertaining to material facts. Accordingly, based upon the pleadings, there exist genuine issues of material facts.

In view of the existence of genuine issues of material facts, the district court properly overruled Hogan's motion for partial summary judgment. The district court erred, however, in granting the county's motion for summary judgment. See, *City State Bank v. Holstine*, 260 Neb. 578, 618 N.W.2d 704 (2000); *Moore v. American Charter Fed. Sav. & Loan Assn.*, 219 Neb. 793, 366 N.W.2d 436 (1985). The portion of the district court's order granting the motion for summary judgment by the county is reversed, and the cause is remanded for further proceedings.

## CONCLUSION

In the instant case, there was no evidence offered or admitted into evidence upon which the district court could render its decision on the parties' cross-motions for summary judgment. Based upon the pleadings, genuine issues of material facts exist, thereby precluding summary judgment for either party. Accordingly, we affirm that portion of the district court's judgment which overruled Hogan's motion for partial summary judgment, and we reverse that portion of the district court's order which granted the county's motion for summary judgment and dismissed the petition with prejudice. The cause is remanded for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.