BORLEY STORAGE AND TRANSFER CO., INC., APPELLEE, V.
WARREN R. WHITTED, JR., APPELLANT.
657 N.W.2d 911

Filed March 21, 2003.   No. S-01-1139.

Jeffrey H. Jacobsen and Bradley D. Holbrook, of Jacobsen, Orr, Nelson, Wright & Lindstrom, P.C., for appellant.

Daniel L. Aschwege and John H. Marsh, of Knapp, Fangmeyer, Aschwege, Besse & Marsh, P.C., for appellee.

HENDRY, C.J., WRIGHT, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCormack, J.
## NATURE OF CASE
Borley Storage and Transfer Co., Inc. (Borley Storage), brought this malpractice action against Warren R. Whitted, Jr., a licensed attorney in Nebraska. The district court on May 18, 1999, entered partial summary judgment in Borley Storage's favor on the issues of Whitted's employment and his breach of duty. The case proceeded to trial on the issues of proximate causation and damages, and a jury returned a verdict in favor of Borley Storage and against Whitted in the amount of $90,000. Whitted appeals and assigns various errors at summary judgment and at trial.

## BACKGROUND
Given the grounds on which we decide this case, a detailed recitation of the facts is unnecessary.

From 1980 to 1987, Whitted was an attorney in the Hastings, Nebraska, office of the law firm of Fitzgerald, Brown, Leahy, McGill & Strom. During that time, Whitted provided legal services to Borley Storage. In 1982, Borley Storage sold various assets to Borley Moving and Storage (Borley Moving). Whitted drafted several documents to effectuate the sale of the assets, including a purchase agreement, security agreement, and promissory note. In addition, Whitted filed a financing statement with the Nebraska Secretary of State on July 12, 1983, to perfect Borley Storage's security interest in some of the assets sold. It is undisputed that Whitted did not file a continuation statement to continue this financing statement, which expired on July 12, 1988.

In 1990, another creditor of Borley Moving filed a financing statement to perfect a security interest in various assets of Borley Moving. Several years later, Borley Moving filed for bankruptcy. Borley Storage claimed an interest in some of the assets of Borley Moving, but Borley Storage's lien on these assets was found to be a second lien to the other creditor. Because the value of the claim of the other creditor exceeded the value of the underlying collateral, Borley Storage did not receive any equity on its claim.

In September 1991, Borley Storage filed this legal malpractice action against Whitted. Borley Storage's amended petition

alleged, among other things, that Whitted breached the applicable standard of care by failing to continue the July 12, 1983, financing statement and by failing to inform Borley Storage of the need to file a continuation statement. Borley Storage further alleged that, as a result, it was damaged by its loss of its lien priority status. In his answer, Whitted denied the material allegations of Borley Storage's petition.

Both parties filed motions for summary judgment. The district court granted Borley Storage's motion and denied Whitted's motion. The court found as a matter of law that Whitted was employed as an attorney for Borley Storage and that Whitted "failed to perform in accordance with the proper standard of care for protecting a client's security interest." The court also rejected Whitted's argument that the action was barred by the 2-year statute of limitations in Neb. Rev. Stat. § 25-222 (Reissue 1995), finding that the discovery exception applied.

The case proceeded to trial on the issues of proximate causation and damages. The jury returned a verdict in favor of Borley Storage and against Whitted in the amount of $90,000. Whitted's motion for remitter and motion for new trial or, in the alternative, motion for judgment notwithstanding the verdict were both overruled, and this appeal followed.

## ASSIGNMENTS OF ERROR

Whitted assigns that the district court erred in (1) granting Borley Storage's motion for summary judgment on liability; (2) granting Borley Storage's motion for summary judgment on the discovery exception to the statute of limitations; (3) overruling Whitted's motions for directed verdict because Borley Storage's action was premature or, alternatively, because Whitted was not the proximate cause of Borley Storage's alleged loss; (4) overruling Whitted's motion for directed verdict because Borley Storage failed to mitigate its damages; (5) overruling Whitted's motion for directed verdict because the court improperly admitted exhibits 20 through 25 under the business record exception to the hearsay rule; (6) denying Whitted's motion for mistrial; (7) overruling Whitted's motion for remitter and motion for new trial or, alternatively, motion for judgment notwithstanding the verdict because the trial court should have instructed the jury as to

Whitted's affirmative defenses; (8) overruling Whitted's motion for remitter and motion for new trial because Whitted was entitled to a reduction of the judgment for the moneys received by Borley Storage under the bankruptcy plan; and (9) overruling Whitted's motion for new trial because the jury verdict was the result of speculation, guess, or conjecture.

## STANDARD OF REVIEW

■ Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Soukop v. ConAgra, Inc.*, 264 Neb. 1015, 653 N.W.2d 655 (2002).

■ In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Egan v. Stoler, ante* p. 1, 653 N.W.2d 855 (2002).

## ANALYSIS

In his first two assignments of error, Whitted argues that the district court erroneously granted partial summary judgment in favor of Borley Storage. Whitted argues that the evidence at the summary judgment hearing created genuine issues of material fact as to whether he owed a duty to Borley Storage and whether he breached that duty.

Before reaching the merits of Whitted's arguments, we must consider the status of the appellate record. The record on appeal contains what purports to be a bill of exceptions from the summary judgment hearing. This "bill of exceptions" is certified by the official court reporter as containing exhibits 1 through 12, offered in evidence on July 7, 1996, and April 24, 1997. Also included is a certificate, signed by the district court judge, certifying that exhibits 1 through 12 were offered by the parties and received in proceedings held on July 2, 1996, and April 24, 1997. This certificate further indicates that no court reporter was present at these proceedings, a fact which was confirmed by the parties at oral argument before this court. We also note that the district court's order disposing of the parties' summary judgment

motions, which is included in the transcript, states that "[e]xhibits one (1) through twelve (12) were received" and that the summary judgment hearing occurred on December 23, 1998. From our review of the record, we are unable to determine what proceedings took place on July 2 and 7, 1996, or April 24, 1997.

Pursuant to Neb. Ct. R. of Prac. 5A(1) (rev. 2000), "[t]he official court reporter shall in all instances make a *verbatim record* of the evidence offered at trial or other evidentiary proceeding, including but not limited to objections to any evidence and rulings thereon, oral motions, and stipulations by the parties. This record may not be waived." (Emphasis supplied.) All evidentiary proceedings require the presence of a court reporter who shall make a verbatim record of the proceedings, and such recording may not be waived by the court or the parties. *Hogan v. Garden County*, 264 Neb. 115, 646 N.W.2d 257 (2002).

The record in this case does not include a verbatim record of the proceedings. Without a valid bill of exceptions conforming to our rules, an appellate court cannot determine which exhibits were offered by each party, whether any party objected to any of the exhibits, how the trial court may have ruled on any objections, or which exhibits were ultimately received into evidence. If, for whatever reason, a court reporter cannot be present at an evidentiary proceeding, another reporter should be obtained or the proceeding should be postponed until a court reporter can be present. As we made clear in *Presle v. Presle*, 262 Neb. 729, 634 N.W.2d 785 (2001), we will not permit evidentiary proceedings to occur without the presence of a court reporter to record the proceedings.

Affidavits, depositions, and other evidence considered at a hearing on a motion for summary judgment must be preserved in a bill of exceptions filed in the trial court before such evidence can be considered during appellate review of the motion. *Morrison Enters. v. Aetna Cas. & Surety Co.*, 260 Neb. 634, 619 N.W.2d 432 (2000). Without a proper bill of exceptions of the summary judgment proceeding before us, our review of the summary judgment is limited to the pleadings.

Generally, in civil legal malpractice actions, a plaintiff alleging attorney negligence must prove three elements: (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, and (3) that such negligence resulted in and was the

proximate cause of loss (damages) to the client. *Rodriguez v. Nielsen*, 264 Neb. 558, 650 N.W.2d 237 (2002). These elements are the same general elements required in any other case based on negligence, i.e., duty, breach, proximate cause, and damages. *Stansbery v. Schroeder*, 226 Neb. 492, 412 N.W.2d 447 (1987).

Whitted's second amended answer admits that Whitted performed legal services for Borley Storage concerning the sale of the business. The district court correctly concluded on summary judgment that there were no genuine issues of material fact as to Whitted's employment as an attorney for Borley Storage. However, Whitted denied the remaining allegations of Borley Storage's amended petition, including whether he breached any duty owed to Borley Storage. Thus, genuine issues of material fact exist to preclude the district court's conclusion that Whitted "failed to perform in accordance with the proper standard of care." The district court erred in granting partial summary judgment in favor of Borley Storage. Without a finding that Whitted breached any duty owed to Borley Storage, we decline to consider Whitted's remaining assignments of error.

## CONCLUSION

In this case, no court reporter was present to record the summary judgment proceedings. Without a valid bill of exceptions to preserve the evidence presented at summary judgment, our review is limited to the pleadings, which reveal genuine issues of material fact on the issue of breach of duty. Therefore, we vacate the judgment entered by the court in favor of Borley Storage and reverse the district court's order granting partial summary judgment in Borley Storage's favor. The cause is remanded for further proceedings.

REVERSED AND VACATED, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.

CONNOLLY, J., not participating.