IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

ERICKSON V. HILL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

BILL ERICKSON, APPELLEE,

V.

JAMES D. HILL, APPELLANT.

Filed January 24, 2017.    No. A-15-1102.

Appeal from the District Court for Nuckolls County: VICKY L. JOHNSON, Judge. Reversed and remanded for further proceedings.

James D. Hill, pro se.

Benjamin H. Murray, of Germer, Murray & Johnson, for appellee.

RIEDMANN and BISHOP, Judges, and MCCORMACK, Retired Justice.

MCCORMACK, Retired Justice.

### INTRODUCTION

James D. Hill challenges the district court's order granting summary judgment in favor of Bill Erickson, on Erickson's claim that Hill owed him $77,000 for repayment of various loans Erickson made to Hill. Because Erickson did not produce evidence to establish that the money he gave to Hill was a loan which Hill agreed to repay, the district court erred in granting the summary judgment motion. We reverse, and remand for further proceedings.

### BACKGROUND

In his complaint, Erickson alleged that he had entered into various oral agreements with Hill in which Erickson agreed to loan Hill a total of $77,000. Erickson further alleged that as a part of these oral agreements, Hill had promised to repay him all of the money "upon demand."

Erickson indicated that when he asked Hill to repay the money, however, Hill had failed to repay him anything. Erickson requested that the district court order Hill to repay him all of the $77,000 he had loaned to Hill, plus interest from the date Erickson had first demanded repayment of the loans.

Hill filed an answer in which he admitted to receiving $77,000 from Erickson, but alleged that this money was a gift and not a loan. Hill indicated that Erickson is his former father-in-law and that the money was gifted to Hill and Erickson's daughter prior to Erickson's daughter filing for divorce from Hill. In the answer, Hill also alleged that he never entered into an oral agreement with Erickson, nor did he ever promise to repay the money Erickson gifted to him. Hill also alleged that Erickson never made a demand on him to repay the money prior to Erickson filing the complaint in this case.

After Hill filed his answer, Erickson filed a motion for summary judgment. Then, Hill filed a motion to dismiss Erickson's complaint. A hearing was held on both motions on September 1, 2015. At this hearing, Erickson submitted one exhibit into evidence. This exhibit included a copy of Erickson's complaint and copies of five checks in various amounts. The checks were written to Hill and were signed by Erickson. The checks totaled $77,000. Hill offered one exhibit into evidence as well. This exhibit was a check written to "Teresa Hill" and was signed by Hill. The check was in the amount of $3,000. Erickson objected to the admission of this exhibit, arguing that it lacked foundation and was not relevant. The district court sustained Erickson's objection to the exhibit.

On October 27, 2015, the district court entered an order, finding no genuine issue of material fact and granting summary judgment to Erickson. Specifically, the court found that Erickson "presented unrebutted evidence that the transfers [of money from Erickson to Hill] were loans, not gifts." Accordingly, the court ordered Hill to pay to Erickson $77,000 plus interest.

Hill appeals from the district court's order.

ASSIGNMENTS OF ERROR

Hill alleges, reordered and restated, that the district court erred in (1) granting summary judgment in favor of Erickson, (2) prohibiting Hill from offering testimony and cross-examining the witnesses against him at the summary judgment hearing, and (3) failing to grant Hill's motion to dismiss.

STANDARD OF REVIEW

Summary judgment is proper if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Village of Hallam v. L.G. Barcus & Sons*, *Inc.*, 281 Neb. 516, 798 N.W.2d 109 (2011). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, giving that party the benefit of all reasonable inferences deducible from the evidence. *Id*.

ANALYSIS

SUMMARY JUDGMENT

Hill asserts that the district court erred in granting Erickson's motion for summary judgment because there exists a genuine issue of material fact. Specifically, Hill argues that there is a question about whether the money Erickson gave to him constituted a loan or a gift. Upon our review of the record, we agree with Hill's assertion that there remains a genuine issue of material fact and that the district court erred in granting the motion for summary judgment.

The party moving for summary judgment has the burden of showing that no genuine issue as to any material fact exists. *Hogan v. Garden County*, 264 Neb. 115, 646 N.W.2d 257 (2002). As such, that party must produce enough evidence to demonstrate such party's entitlement to a judgment if the evidence remains uncontroverted, after which the burden of producing contrary evidence shifts to the party opposing the motion. *Id*. Here, the record indicates that Hill did not produce any evidence in opposition to Erickson's motion because the only exhibit he offered was found to be not relevant and therefore not admissible. Accordingly, in this appeal, the pertinent question is whether Erickson adduced enough evidence to establish a prima facie case for summary judgment.

In Erickson's complaint, he essentially alleges a breach of contract action against Hill. As such, in order to address Hill's assertion that the district court erred in entering summary judgment in favor of Erickson, we must first explain the elements of a cause of action for breach of contract. In order to recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty. *Henriksen v. Gleason*, 263 Neb. 840, 643 N.W.2d 652 (2002). Thus, as derived from the complaint, the elements of Erickson's claim were that (1) Hill orally agreed to pay all of the money that Erickson loaned to him upon Erickson's demand; (2) Hill breached the oral contract by failing to repay any money to Erickson when asked to do so; (3) Erickson was damaged by the amount of money he loaned to Hill; and (4) Erickson performed his condition precedent by giving money to Hill.

In his answer, Hill specifically denied that that the money Erickson gave to him constituted a loan, denied that he had promised to repay Erickson, and denied that Erickson had ever asked to be repaid. Given Hill's answer, in order for Erickson to establish a prima facie case for summary judgment as to his breach of contract claim, he had to produce evidence of an oral agreement, Hill's breach of that agreement, and his damages.

The admitted evidence at the summary judgment hearing included only a copy of Erickson's complaint and copies of five checks which were written to Hill and signed by Erickson. We first address the copies of the checks which were submitted into evidence. These checks demonstrate that Erickson gave Hill a total of $77,000 from August 2012 to July 2013. However, the checks do not indicate whether this money constituted a gift or a loan to Hill. In addition, the checks do not indicate whether Hill agreed to repay Erickson the amount given to Hill in each check.

Furthermore, the copy of the complaint Erickson submitted into evidence does not prove any of the allegations contained therein. Rather, Erickson's complaint is merely a statement of his

claim. Nebraska law defines pleadings as the written statements by the parties of the facts constituting their respective claims and defenses. *Sydow v. City of Grand Island*, 263 Neb. 389, 639 N.W.2d 913 (2002). The pleadings alone are not proof but mere allegations of what the parties expect the evidence to show. *Wilson v. Wilson*, 238 Neb. 219, 469 N.W.2d 750 (1991). While Erickson's complaint indicated that he expected the evidence to show that he had an agreement with Hill that Hill would repay the money Erickson loaned to him, Erickson did not actually produce any evidence to prove that fact.

Because the evidence submitted at the summary judgment hearing only proved that Erickson gave Hill money, a fact which Hill does not dispute, that evidence was not sufficient to establish a prima facie case for summary judgment as to Erickson's breach of contract claim. There was no evidence to prove that the money given to Hill constituted a loan and not a gift. And, there was no evidence to prove that Hill had ever promised to repay any of the money he received from Erickson. As such, the district court erred in granting summary judgment in favor of Erickson.

## EVIDENCE AT SUMMARY JUDGMENT HEARING

In his brief on appeal, Hill also asserts that the district court erred in not allowing him to "offer testimony [or] confront witnesses against him" in order to oppose Erickson's motion for summary judgment. In light of our disposition of Hill's first assignment of error, we do not need to address this issue. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it. *Jackson v. Brotherhood's Relief & Comp. Fund,* 273 Neb. 1013, 734 N.W.2d 739 (2007). However, we do note, for completeness, that it is clear from our record that at the summary judgment hearing, Hill did not ask that he be permitted to present live testimony. In addition, Neb. Rev. Stat. § 25-1332 (Reissue 2008) dictates that "[t]he evidence that may be received on a motion for summary judgment includes depositions, answers to interrogatories, admissions, stipulations, and affidavits." See also, *First Nat'l Bank v. Greene Bldg. & Supply, Inc.*, 220 Neb. 205, 369 N.W.2d 59 (1985) (finding that trial court erred in admitting oral testimony at summary judgment hearing).

## MOTION TO DISMISS

Hill also asserts that the district court erred in failing to grant his motion to dismiss Erickson's complaint. Upon our review, we conclude that Hill's assertion is without merit.

After Erickson filed his motion for summary judgment, Hill filed a motion to dismiss Erickson's complaint. In this motion, Hill reiterated the claims he made in his answer, including that the money given to him by Erickson was a gift; that he never promised Erickson he would repay the money; and that Erickson had never asked him to repay the money. In addition, he affirmatively alleged that there is no evidence that Hill entered into an agreement with Erickson concerning the money given to him and that, as such, Erickson "fail[ed] to state a cause for which relief can be granted" and his complaint must be dismissed. In the alternative, Hill alleged that Erickson's complaint must be dismissed because he failed to join Erickson's daughter as a party. In the district court's October 2015 order, it did not specifically rule on Hill's motion to dismiss. However, because the court granted summary judgment in favor of Erickson, it is clear that the court denied Hill's motion.

Although Hill does not specifically iterate the statutory bases for his motion to dismiss, from the narrative content of the motion and from the "affirmative defenses" asserted in Hill's Answer, we construe the motion as asserting the defenses of failure to state a claim upon which relief can be granted, pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6), and failure to join a necessary party, pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(7). We first address Hill's claims that Erickson failed to state a claim upon which relief can be granted.

To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *Hargesheimer v. Gale*, 294 Neb. 123, 881 N.W.2d 589 (2016). In Erickson's complaint, he alleged that he had entered into various oral agreements with Hill in which Erickson agreed to loan Hill a total of $77,000. Erickson further alleged that as a part of these oral agreements, Hill had promised to repay him all of the money "upon demand." Erickson indicated that when he asked Hill to repay the money, however, Hill had failed to repay him anything. As we discussed above, the allegations contained in Erickson's complaint establish a plausible claim against Hill for breach of contract. Because Erickson's complaint establishes a plausible claim against Hill, the district court did not err in implicitly denying Hill's motion to dismiss on the basis of Neb. Ct. R. Pldg. § 6-1112(b)(6).

We next turn to Hill's assertions that Erickson's complaint must be dismissed because Erickson failed to join a necessary party: Hill's ex-wife, who is also Erickson's daughter. Hill asserts that his ex-wife is a necessary party because Erickson also gave her money, but, apparently, did not asked to be repaid for those amounts.

The presence of necessary parties to a suit is a jurisdictional matter and cannot be waived by the parties; it is the duty of the plaintiff to join all persons who have or claim any interest which could be affected by the judgment. *Robertson v. School Dist. No. 17*, 252 Neb. 103, 560 N.W.2d 469 (1997). An indispensable or necessary party to a suit is one whose interest in the subject matter of the controversy is such that the controversy cannot be finally adjudicated without affecting the indispensable party's interest, or which is such that not to address the interest of the indispensable party would leave the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. See *Ruzicka v. Ruzicka*, 262 Neb. 824, 635 N.W.2d 528 (2001).

We conclude that Hill's ex-wife is not a necessary party in this action. Hill's ex-wife does not appear to have any real interest in Erickson's claims against Hill other than that she was related to both Hill and Erickson at the time the money was exchanged. Even if Erickson gave her money during the same time period he gave money to Hill, such fact is not necessarily relevant to a determination of whether there was any agreement between Erickson and Hill about Hill repaying the money given to him. And, even if she benefited from the money given to Hill, as Hill appears to allege, it does not automatically follow that she would be responsible for repaying any money to Erickson pursuant to an agreement between Erickson and Hill.

For the reasons discussed, we conclude that the district court did not err in denying Hill's motion to dismiss the complaint.

CONCLUSION

The evidence adduced at the summary judgment hearing did not establish all of the elements of Erickson's breach of contract claim. Thus, Erickson did not establish a prima facie case for summary judgment and the district court erred in granting summary judgment in Erickson's favor. However, the district court did not err in denying Hill's motion to dismiss.

We reverse the district court's decision to grant Erickson's motion for summary judgment and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.