IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. TALIAFERRO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DONYAL R. TALIAFERRO, APPELLANT.

Filed April 9, 2019.    No. A-18-098.

Appeal from the District Court for Douglas County: W. MARK ASHFORD, Judge. Affirmed in part, and in part reversed and remanded for further proceedings.

Donyal R. Taliaferro, pro se.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

MOORE, Chief Judge.

INTRODUCTION

Donyal R. Taliaferro appeals from the order of the district court for Douglas County, which denied his motion for postconviction relief without an evidentiary hearing. We determine that the district court erred when it denied Taliaferro an evidentiary hearing on his claim that his trial counsel was ineffective for failing to provide him with a copy of a certain deposition prior to entering his plea, and we reverse the decision of the district court on this point and remand the cause for an evidentiary hearing on this single claim. In all other respects, the decision of the district court is affirmed.

BACKGROUND

Following his plea-based conviction in the district court for robbery, a Class II felony, Taliaferro was sentenced to a term of 30 to 50 years' imprisonment. Pursuant to his plea agreement,

another count of robbery, and charges of possession of a deadly weapon by a prohibited person and second offense carrying a concealed weapon on another docket, were dismissed in exchange for his no contest plea. The factual basis for the charge of robbery to which Taliaferro pled shows that Taliaferro and his coperpetrator robbed two individuals at gunpoint in their apartment, in the presence of their young child. During the robbery, the coperpetrator sexually assaulted one of the victims; however, Taliaferro was not involved in the assault. The factual basis further recited that police responded to a report of a home invasion and sexual assault and made contact with the victims, a man and his girlfriend. The man advised police that he and his girlfriend had been expecting a female acquaintance, Christie Hughes, to spend the evening with them, that they heard a knock, and that when the man went to the door, he observed that she was the person knocking. However, when he opened the door, two male suspects armed with what appeared to be handguns forced their way into the apartment. The factual basis proceeded with details of the men's actions while in the apartment, and then indicated that shortly after the men left, a warrant was issued for Hughes' arrest for conspiracy to commit robbery. Hughes was arrested, represented by counsel, waived her *Miranda* rights, and gave a statement advising that the individuals who forced their way into the victims' apartment were her acquaintances, one being Taliaferro. The factual basis also indicated that Hughes "has given a deposition to that effect."

On direct appeal, Taliaferro was represented by the same attorney as at trial, and his sole assignment of error was that his sentence was excessive; this court summarily affirmed his conviction and sentence. See *State v. Taliaferro*, 21 Neb. App. xxxv (No. A-13-576, Oct. 22, 2013).

Thereafter, Taliaferro filed a postconviction motion asserting claims of ineffective assistance of "appellate" counsel, prosecutorial misconduct, and trial court error. His allegations regarding appellate counsel include failure to retrieve the full and complete court file, failure to file an adequate brief, failure to include additional documents in the record on direct appeal, failure to provide Taliaferro with police reports, failure to raise issues on direct appeal including Taliaferro "not being provided with copies of 'Brady' materials under the direct control and possession of both the prosecution and trial counsel," and failure to file a petition for further review. Taliaferro also alleged that his trial counsel engaged in "OTHER BRADY VIOLATIONS," by making an agreement with the State to not provide him with copies of police reports and transcripts of depositions. As relevant to his arguments on appeal, Taliaferro alleged further that his trial counsel was ineffective for failing to provide him with a copy of the deposition of Hughes until after sentencing. Taliaferro asserts that Hughes stated in her deposition that she "assumed" that it was Taliaferro who was involved in the robbery without direct observation of any criminal act. He alleged that trial counsel was ineffective for informing him prior to entering his plea that Hughes had positively identified him in her deposition.

Taliaferro also alleged prosecutorial misconduct arising out of the agreement with trial counsel noted above, the State's failure to allow him access to police reports, and the State's comments at sentencing regarding Taliaferro's lack of cooperation. Finally, Taliaferro alleged trial court error, pointing to comments made by the court at sentencing regarding a victim's traumatization and Taliaferro's silence during sentencing.

On January 10, 2018, the district court entered an order, denying Taliaferro's postconviction motion without an evidentiary hearing. First, the court observed that within Taliaferro's claims of ineffective assistance of appellate counsel, Taliaferro made several arguments relating to ineffective assistance of trial counsel. The court observed that Taliaferro had the same attorney during the plea proceedings and on direct appeal and that he could not have asserted these claims regarding trial counsel on direct appeal. Because Taliaferro only made generic statements, such as if counsel had provided him more information, he "would have insisted on going to trial," the court found that his motion failed to set forth sufficient facts to establish that there was a reasonable probability that, but for counsel's errors, he would not have pled no contest and would have insisted on going to trial. The court, citing *State v. Yos-Chiguil*, 281 Neb. 618, 798 N.W.2d 832 (2011), noted that Taliaferro's "self-serving" declarations were insufficient and thus he failed to show prejudice. The court also addressed whether Taliaferro's trial counsel performed deficiently by failing to investigate in various ways alleged by Taliaferro in his postconviction motion. Again, the court found that Taliaferro's allegations were generic and failed to state what additional evidence would have been gathered or how a different result would have been obtained.

Next, the district court addressed Taliaferro's claims of ineffective assistance of appellate counsel. The court determined that the claims Taliaferro asserts appellate counsel should have brought on appeal do not have enough facts or law to establish that inclusion of such claims would have changed the result of the appeal.

Finally, the district court rejected Taliaferro's claims of prosecutorial misconduct and trial court error. The court determined that these claims were procedurally barred since they could have been raised on direct appeal.

Taliaferro subsequently perfected his appeal to this court.

ASSIGNMENTS OF ERROR

Taliaferro asserts, reordered, that the district court erred by failing to recognize that trial counsel was ineffective in failing to make a record of all proceedings and not making "Brady" material available to him.

STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Henderson*, 301 Neb. 633, 920 N.W.2d 246 (2018).

ANALYSIS

Before addressing Taliaferro's specific arguments on appeal, we set forth the general principles with respect to postconviction actions asserting claims of ineffective assistance of counsel. Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. *Id.* On appeal from the denial of postconviction relief without an evidentiary hearing, the question is not whether the

movant was entitled to relief by having made the requisite showing. *Id.* Instead, it must be determined whether the allegations were sufficient to grant an evidentiary hearing. *Id.*

The allegations in a motion for postconviction relief must be sufficiently specific for the district court to make a preliminary determination as to whether an evidentiary hearing is justified. *Id.* In a proceeding under the Nebraska Postconviction Act, the application is required to allege facts which, if proved, constitute a violation or infringement of constitutional rights, and the pleading of mere conclusions of fact or of law is not sufficient to require the court to grant an evidentiary hearing. *State v. Henderson, supra*. A postconviction evidentiary hearing must be granted when the facts alleged, if proved, would justify relief, or when a factual dispute arises as to whether a constitutional right is being denied. *Id.*

Here, Taliaferro alleges that his trial counsel was ineffective in failing to make a record of all proceedings and not making certain material available to him required by *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). When a defendant was represented both at trial and on direct appeal by the same counsel, the defendant's first opportunity to assert ineffective assistance of counsel is in a motion for postconviction relief. *Id.* To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Henderson, supra*. A court may address the two prongs of this test, deficient performance and prejudice, in either order. *Id.*

In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden first to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *Id.* In determining whether trial counsel's performance was deficient, courts give counsel's acts a strong presumption of reasonableness. *Id.* An appellate court will not judge an ineffectiveness of counsel claim in hindsight. *Id.* An appellate court must assess trial counsel's performance from counsel's perspective when counsel provided the assistance. *Id.* When reviewing claims of ineffective assistance, an appellate court will not second-guess trial counsel's reasonable strategic decisions. *Id.*

When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty or no contest. *State v. Barrera-Garrido*, 296 Neb. 647, 895 N.W.2d 661 (2017).

Using these principles, we address Taliaferro's arguments on appeal. First, Taliaferro asserts that his trial counsel was ineffective for failing "to make a record of all the proceedings." However, he does not provide any argument in support of this assertion. Taliaferro merely quotes from Neb. Ct. R. App. P. § 2-105(A)(1) (rev. 2018), which provides that court reporting personnel "shall in all instances make a verbatim record of the evidence offered at trial or other evidentiary proceeding, including but not limited to objections to any evidence and rulings thereon, oral motions, and stipulations by the parties," which record may not be waived. He also notes the proposition that all evidentiary proceedings require the presence of a court reporter who shall make

a verbatim record of the proceedings, and such recording may not be waived by the court or the parties. *Borley Storage & Transfer Co. v. Whitted*, 265 Neb. 533, 657 N.W.2d 911 (2003). These recitations do nothing to advise this court of which proceedings Taliaferro's trial counsel allegedly failed to make a record or further illuminate his argument. We do not address this portion of Taliaferro's assigned error further. For an alleged error to be considered by an appellate court, an appellant must both assign and specifically argue an alleged error. *State v. Smith*, 292 Neb. 434, 873 N.W.2d 169 (2016). An argument that does little more than restate an assignment of error does not support the assignment, and an appellate court will not address it. *Id.*

Next, in support of his assertion that his trial counsel was ineffective for failing to provide him with certain *Brady* material, Taliaferro argues that there were depositions taken of certain witnesses, police reports, preliminary hearing transcripts, and other "discovery Brady materials" that trial counsel refused to provide him during the course of the prosecution, despite many requests. Brief for appellant at 4. Taliaferro argues that, contrary to what he was told by his trial counsel, the deposition of "the State's star witness" (Hughes) shows that she did not positively identify him. *Id.* He also argues that she "admitted to even lying under oath and changed her story." *Id.* Taliaferro argues that had he known of Hughes' statements before entering his plea, he would have elected to go to trial.

We agree with the State that Taliaferro's allegations regarding his trial counsel do not amount to a *Brady* violation. Under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), the prosecution has a duty to disclose all favorable evidence to a criminal defendant prior to trial. *State v. Harris*, 296 Neb. 317, 893 N.W.2d 440 (2017). Favorable evidence includes both exculpatory and impeachment evidence. *Id.* Suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Id.* To the extent Taliaferro is claiming a *Brady* violation, his assignment of error is without merit as he does not argue that the prosecution suppressed evidence favorable to his case.

Although framed in terms of his trial counsel's failure to provide him with *Brady* material, Taliaferro's argument on appeal is more properly characterized as an assertion that trial counsel refused to provide him relevant information about the case, specifically Hughes' deposition, which he argues would have changed his willingness to enter a plea as opposed to going to trial.

In determining the prejudice component of alleged ineffective assistance of counsel in a plea context, the likelihood of the defense's success had the defendant gone to trial should be considered along with other factors, such as the likely penalties the defendant would have faced if convicted at trial, the relative benefit of the plea bargain, and the strength of the State's case. *State v. Haynes*, 299 Neb. 249, 908 N.W.2d 40 (2018), *disapproved on other grounds, State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018). In a motion for postconviction relief, self-serving declarations that fail to allege specific facts that will be presented in an evidentiary hearing will not be sufficient on their own to raise a question of prejudice in an allegation of ineffective assistance of counsel. *Id.* A motion for postconviction relief seeking to set aside a conviction pursuant to a plea on the grounds that it was the result of ineffective assistance of counsel must allege objective facts that raise a question of whether a rational defendant would have insisted on going to trial. *Id.*

Taliaferro argues that because he was not provided with Hughes' deposition, his plea was not knowingly, voluntarily and intelligently made, and he asks this court to reverse the lower court and remand with instructions to allow him to withdraw his plea. However, at this stage, the relevant question is whether he alleged sufficient facts showing a violation of his constitutional rights to entitle him to an evidentiary hearing. Here, the only facts tying Taliaferro to the crime from the factual basis is that Hughes identified him as one of the perpetrators entering the apartment. If Hughes' identification of Taliaferro was equivocal, as he suggests, it could have impacted his willingness to enter a plea. Thus, we conclude that an evidentiary hearing is necessary to determine whether Taliaferro's allegations have any merit.

We reverse the decision of the district court and remand the cause with directions to hold an evidentiary hearing on Taliaferro's motion for postconviction relief.

CONCLUSION

The district court erred when it denied Taliaferro relief without an evidentiary hearing on his claim that his trial counsel was ineffective for failing to provide him with a copy of Hughes' deposition prior to entering his plea. We reverse the court's decision on this point and remand the cause for an evidentiary hearing on this single claim. In all other respects, the decision of the district court is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.