IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


HATFIELD V. ARROWSMITH


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


SEDRICK HATFIELD, APPELLANT,

V.

BRAD ARROWSMITH AND ARROW TOWING OF OMAHA, INC., APPELLEES.


Filed December 16, 2025.    No. A-24-959.


Appeal from the District Court for Sarpy County: STEFANIE A. MARTINEZ, Judge, on appeal thereto from the County Court for Sarpy County, PATRICIA A. FREEMAN, Judge. Affirmed.

Kory L. Quandt, of Bressman, Hoffman, Jacobs & Quandt, for appellant.

J. Mason Bump, of Welch Law Firm, P.C., for appellees.


RIEDMANN, Chief Judge, and MOORE and BISHOP, Judges.

RIEDMANN, Chief Judge.

## INTRODUCTION

Sedrick Hatfield filed a small claims action in the county court for Sarpy County against Brad Arrowsmith and his company, Arrow Towing of Omaha, Inc. (collectively Arrow Towing). Hatfield alleged his vehicle was damaged by Arrow Towing when it was towed from a parking lot, and he sought recovery of monetary damages. The county court found Hatfield failed to provide sufficient evidence to prove his claim and entered judgment in favor of Arrow Towing. Hatfield appealed to the district court, which affirmed the judgment of the county court. On subsequent appeal, we affirm the judgment of the district court.

## BACKGROUND

On November 4, 2023, Hatfield rented a vehicle and left his personal vehicle parked at the rental facility. He returned for his personal vehicle on November 18 and learned it had been towed

by Arrow Towing. Hatfield retrieved the vehicle from the impound lot for Arrow Towing on December 6.

In February 2024, Hatfield filed suit in the county court seeking recovery of $3,900 in damages. His complaint alleged that Arrow Towing was liable for damage caused by forced entry into the vehicle. He further contended that the side panels of the driver's door had been damaged, the door was bent and did not close properly, a rattling noise occurred when closing the door and driving, and that the inner door was dented.

At trial, Hatfield and two representatives of Arrow Towing appeared. Hatfield testified that he observed the vehicle was damaged when he first saw it in Arrow Towing's impound lot in November 2023. On that same day, he informed Arrow Towing's office manager that there was damage to the vehicle that had not been there when he had left it at the rental facility. He was told the owner of the company would get back to him.

No one contacted Hatfield about the issue until he contacted Arrow Towing again approximately 1 month later. After sending photographs of the alleged damage, no resolution was reached, and Hatfield filed his small claims action.

Hatfield further testified that the inside vehicle identification number (VIN) was covered when he left his vehicle at the rental facility. However, he had received an invoice from Arrow Towing after his vehicle had been towed that showed the VIN. Thus, according to Hatfield, Arrow Towing would have needed to forcibly enter the vehicle to obtain the VIN. He argued that this forced entry consequently damaged the driver's door in the manner he had alleged in his complaint.

Hatfield offered various exhibits into evidence, including a September 14, 2023, inspection report from the dealership where he purchased the vehicle, which showed the vehicle was not damaged at that time; a quote for the cost of repairing the damage; the invoice from Arrow Towing that showed his vehicle's VIN; and printed copies of his email correspondence with Arrow Towing and the rental facility. These exhibits were received by the court. Hatfield attempted to offer photographs on his computer, but the court explained it needed hard copies of the photographs. Hatfield explained that he had a video of the car taken the day he picked it up from the impound lot and several photographs depicting the vehicle on November 4, 2023, and January 16, 2024. After Arrow Towing had an opportunity to view the video and photographs, and without objection, the court agreed to keep the record open to provide Hatfield an opportunity to provide the video and photographs in a form acceptable to the court. Hatfield subsequently complied by providing a flash drive with a video and annotated photographs.

The two representatives of Arrow Towing also testified. They explained that they do not get in vehicles when they tow them. VIN numbers are located on the exterior of vehicles and the company has towed "many, many vehicles without ever having to enter the vehicle." According to one of the representatives, they take ten to twelve photographs of a car before they tow it and a review of their photographs revealed no damage in the location that Hatfield claimed. They further explained that the vehicle was parked up against a retaining wall, which would have made entry on the driver's side "almost impractical." They also relayed that they had watched Hatfield's video from December 6, 2023, when he picked up the car, and that, in their opinion, "everything looked normal there." They likewise could not discern any damage from Hatfield's photographs of the vehicle.

Arrow Towing offered various exhibits, including the photographs of Hatfield's vehicle before the tow, and a certified letter that was sent to Hatfield informing him of his vehicle's location and the towing and impound policies and costs. The certified letter included an invoice displaying Hatfield's vehicle's VIN with a notation stating "vin covered used long rod to move plate over vin." No testimony was offered, however, regarding that process.

The county court filed a journal entry indicating it had reviewed all the admissible evidence, including the video photographs submitted by Hatfield but not their handwritten annotations, and that, based on the credible evidence, Hatfield had failed to prove his claim.

Hatfield appealed to the district court, which affirmed the judgment of the county court. He now appeals to this Court.

## ASSIGNMENT OF ERROR

Hatfield assigns, restated, that the county court erred in finding he failed to prove his claim and the district court erred in affirming the order of the county court.

## STANDARD OF REVIEW

In appeals from the district court sitting as an appellate court, the immediate question is whether the district court erred in its appellate review of the county court's decision, but review of that question necessarily involves considering the decision of the county court. *Sedighi v. Schnackel Engineers*, 317 Neb. 890, 12 N.W.3d 507 (2024).

A judgment rendered by a small claims court is reviewed for error appearing on the record. *Id*. When reviewing a judgment for error appearing on the record, the inquiry is whether the decision conforms to law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*.

## ANALYSIS

Hatfield sought recovery of damages in the county court under Neb. Rev. Stat. § 60-2406 (Reissue 2021). Under § 60-2406, anyone towing away a vehicle is liable for any reasonably foreseeable damages to the vehicle that occur during "hookup, towing, or disengagement of the vehicle to or from the towing vehicle," and that anyone storing a towed vehicle is liable for "any reasonably foreseeable damage to the vehicle and the personal contents therein during the storage period."

Hatfield contends he provided photographic evidence that the dealer tag was covering the VIN when his vehicle was left at the rental facility, and that the dealer tag had been moved by the time he retrieved his vehicle from Arrow Towing's impound lot. He explains that, despite Arrow Towing's argument before the county court that it had not entered the vehicle and had likely obtained the VIN from the vehicle's exterior, the invoice offered into evidence by Arrow Towing stated one of its employees had utilized a long rod, which showed that Arrow Towing had accessed the interior of his vehicle. He asserts they "move[d] the dealer tag" to gain access to the VIN, damaging his vehicle in the process. Brief for appellant at 10.

Hatfield thus argues that the county court clearly did not review all the evidence because, if it had, it would have relied upon the invoice offered by Arrow Towing and found the company had entered his vehicle using a long rod, and caused the damage. Consequently, he asserts the

county court's judgment was not supported by competent evidence and was arbitrary, and the district court erred by affirming it. We disagree.

The record shows that Arrow Towing offered, as part of a larger exhibit, an invoice with a notation that reads, in relevant part, "vin [sic] covered used long rod to move plate over vin [sic]." No testimony, however, was elicited regarding this notation. The court stated in its journal entry that it had reviewed all admissible evidence; therefore, we will not assume the court did not review this exhibit. Rather, despite the notation, the court found Hatfield had failed to prove Arrow Towing was responsible for damage to his vehicle.

Although some of the photographs received into evidence depict an object in the front window of the vehicle in different positions, this does not necessarily mean that Arrow Towing damaged the vehicle. One of the Arrow Towing representatives testified that the visual evidence from the date Hatfield picked up the vehicle from the impound lot did not reveal any damage to him. Hatfield admitted that some of the photographs depicting damage were taken on January 16, 2024. As aptly observed by the Arrow Towing representative, "a lot can happen between November 15 and . . . middle of January."

Although Hatfield asserts that he provided photographic evidence of "obvious damage," he did not provide any testimony concerning the dates of any specific photographs. Brief for appellant at 10. Rather, he testified generally that the photographs had been taken on various dates, including when he first saw the vehicle in November 2023, when he retrieved the vehicle in December, and in January 2024. There was, however, no testimony offered regarding the date or location of any *particular* photograph. And, although the photographs contained on the flash drive included annotations that explained the alleged dates and locations, the court properly declined to consider the annotations because they were not part of the photographs Hatfield showed to the court and the Arrow Towing representatives. See *Controlled Environ. Constr. v. Key Indus. Refrig.*, 266 Neb. 927, 670 N.W.2d 771 (2003), quoting *Hogan v. Garden County*, 264 Neb. 115, 646 N.W.2d 257 (2002) (unless evidence marked, offered, and accepted, it does not become part of record and cannot be considered by trial court as evidence).

We acknowledge some of the photographs showed damage to Hatfield's vehicle. However, given the lack of testimony as to the dates of particular photographs, it is unclear when the damage occurred. The county court did not err in determining that Hatfield failed to prove his claim.

For these reasons, the judgment of the county court conformed to the law, was supported by competent evidence, and was neither arbitrary, capricious, nor unreasonable. See *Sedighi v. Schnackel Engineers*, 317 Neb. 890, 12 N.W.3d 507 (2024). Therefore, the district court did not err in affirming the order of the county court.

CONCLUSION

For the foregoing reasons, we affirm the order of the district court.

AFFIRMED.